# Parkinson's Appeal.

A testator, by his will, devised and bequeathed his real and personal estate to his wife for life, and after her decease, to be divided among his children, in the proportions therein mentioned; he then provided as follows:—"After the death of my wife, in order more effectually to make a division of my estate, as above directed, I do order and direct, authorize and empower them, my said executors, and the survivor of them, to grant, bargain, sell, and dispose of, either by public or private sale or sales, all my real estate, &c.:" *Held*, that as regarded the shares of the children in the real estate, this was a conversion out and out; and that it was, for the purposes of the will, to be treated as if it had been personal estate at the death of the testator.

APPEAL from the Orphans' Court of *Philadelphia*.

This was an appeal by Robert B. Parkinson, in his own right, and as executor of George Parkinson, deceased, from the decree of the Orphans' Court, distributing the proceeds of the real estate of the testator in his hands.

George Parkinson died in 1842, and by his will devised and bequeathed his real and personal estate to his wife, for life, with power to sell, and re-invest the proceeds for the uses and purposes of his will; and directed his executors to make the necessary conveyances for that purpose. This power was never exercised.

After the decease of his wife, the testator directed his residuary estate to be divided into fourteen equal parts; and two of them he gave, devised, and bequeathed to his daughter Jane, afterwards married to William H. Kern, her heirs, executors, administrators, and assigns, for ever.

The will contained a power to sell, in these words:—"After the death of my wife, Eleanor Parkinson, in order the more effectually to enable my executors, hereinafter named, to make a division of my estate, as above directed, I do order and direct, authorize and empower them, my said executors, and the survivor of them, to grant, bargain, sell, and dispose of, either by public or private sale or sales, all my said real estate, and such other real estate as may have [been] purchased by my said wife and executors under the authority above expressed; and by proper deed or deeds, conveyances or assurances in the law, to grant, convey, and assure the same to the purchaser or purchasers

[Parkinson's Appeal.]

thereof, his, her, or their heirs and assigns for ever, freed and discharged of and from all and every use and trust whatsoever, and without any liability on the part of the purchaser or purchasers, as to the application or distribution of the purchase-moneys therefor."

Mrs. Jane Kern died without issue, during the lifetime of her mother; and after the death of the widow, the executor sold the real estate under the power in the will, and having filed his account, the court below referred it to an auditor to report distribution of the proceeds in his hands.

Before the auditor, William H. Kern claimed his deceased wife's share, as personalty; contending that there was an equitable conversion thereof by the terms of the will. The brothers and sisters of Mrs. Kern resisted this demand, and claimed the same as real estate.

The auditor awarded the share in controversy to William H. Kern, as personal estate; and the Orphans' Court confirmed his report, whereupon the present appeal was taken.

*Fallon* and *Serrill,* for the appellant.—To impress upon realty the character of personal estate, there must be a direction to sell, accompanied with a positive and explicit intention to change the character of the estate: Bleight *v.* The Bank, 10 *Barr* 132; Costen's Appeal, 1 *Harris* 292; 1 *Jarman on Wills* 523, note 1; Henry *v.* McCloskey, 9 *Watts* 145; Nagle's Appeal, 1 *Harris* 260. Here, the power to sell depended upon whether the widow should or should not have exercised the power vested in her. The direction to sell could only operate on such real estate as remained undisposed of at the death of the widow. The power given to the widow, being discretionary, could not work a conversion until exercised.

But, in every case in which an equitable conversion has been established, it will be found, that in addition to a positive direction to sell, there was a distinct gift of the proceeds, as such, which is wanting in the present case. Thus, in Allison *v.* Wilson, 13 *S. & R.* 330, after directing a sale, the devise is: "I do order and direct that the *moneys* arising out of such sales shall be divided," &c. In Morrow *v.* Brenizer, 2 *Rawle* 185, after directing a sale, the bequest was: "And the *moneys* arising therefrom to be equally divided," &c. In Allison *v.* Kurtz, 2 *Watts* 185, the land was to be sold, "and the *price* thereof equally divided," &c. In Hay *v.* Mayer, 8 *Watts* 203, the devise was: "The *money* arising from said sale shall, after the decease of my widow, be equally divided," &c. So in Willing *v.* Peters, 7 *Barr* 287, the direction was to sell: "And the proceeds thereof shall be divided among said children." In Miller *v.* Meetch, 8 *Barr* 417, direction to sell, and "I will the proceeds thereof to be equally

divided among all my children." In Gray v. Smith, 3 *Watts* 289, the legacies were given " out of the proceeds." In Alexander v. McMurry, 8 *Watts* 504 : " All the moneys arising from such sales I do give and devise to be equally divided," &c. In Simpson v. Kelso, 8 *Watts* 252, the direction was to sell, and " the purchase-money to be divided," &c. Craig v. Leslie, 3 *Wheat.* 563, was also a direction to sell, and a gift of the proceeds or money. In Martindale v. Warner, 3 *Harris* 471, the bequest was : " And the *money* arising from the sale of my said plantation I give and bequeath," &c. Selfridge's Appeal, 9 *W. & S.* 55, was a direction to sell, and the proceeds to be divided among children, &c. In Silverthorn v. McKinster, 2 *Jones* 72, *purchase-money* was directed to be divided. In Brown & Sterrett's Appeal, 3 *Casey* 62, the devise was : " I direct the above property to be sold, and the *proceeds* divided among my heirs," &c.

*Guillou*, for the appellee, cited Allison v. Wilson, 13 *S. & R.* 332 ; Craig v. Leslie, 3 *Wheat.* 563 ; Morrow v. Brenizer, 2 *Rawle* 185 ; Allison v. Kurtz, 2 *Watts* 187 ; Burr v. Sim, 1 *Wh.* 252 ; Hay v. Mayer, 8 *Watts* 212 ; Alexander v. McMurry, *Id.* 504 ; Simpson v. Kelso, *Id.* 252 ; Selfridge's Appeal, 9 *W. & S.* 55 ; Silverthorn v. McKinster, 2 *Jones* 72 ; Willing v. Peters, 7 *Barr* 287 ; Miller v. Meetch, 8 *Id.* 425 ; Brown & Sterrett's Appeal, 3 *Casey* 62 ; Fisher v. Harris, 10 *Barr* 459 ; Rinehart v. Harrison, 1 *Bald.* 185.

The opinion of the court was delivered by

READ, J.—George Parkinson, by his will, gave a life estate, in his residuary real and personal estate, to his wife Eleanor, and after her death directed his said residuary estate to be divided into fourteen equal parts or shares, and two of the said fourteen equal parts he gave, devised, and bequeathed to his daughter, Jane Parkinson (afterwards married to William H. Kern), her heirs, executors, administrators, and assigns for ever. He gave his wife power to sell and dispose of all or any part of his real estate during her life, and his executors were to make the necessary conveyances, and the money was to be invested as she thought best, which investments were to be held in trust by his executors for the uses and purposes of his will.

After the death of his wife the testator, " in order more effectually," as he says, " to enable my executors, hereinafter named, to make a division of my estate as above directed, I do *order* and *direct*, authorize and empower them, my said executors, and the survivor of them, to grant, bargain, sell, and dispose of, either by public or private sale or sales, all my said real estate," &c., and to convey the same to the purchasers, freed and discharged of and from all and every use and trust whatsoever ; and without any lia-

[Parkinson's Appeal.]

bility, on the part of the purchasers, as to the application or distribution of the purchase-money.

By the power to sell, the estate, under our Act of Assembly, was vested in the executors, subject to the life estate of the widow: Brown & Sterrett's Appeal, 3 *Casey* 63. The descent was broken, and all that passed to the seven children of the testator was the respective equal shares in the proceeds of the real estate, which was thus turned into personalty. As regarded them, it was a conversion, out and out; Burr *v.* Sim, 1 *Wh.* 263; and for the purposes of the will, it would be treated as if it had been personal estate at the time of the death of the testator; and Mrs. Jane Kern had the whole beneficial title in two fourteenths vested in her, subject to her mother's interest for life: Fletcher *v.* Ashburner, 1 *Bro. C. C.* 534.

The court below were, therefore, right in awarding the share in controversy to Mr. Kern, and their decree is, therefore, affirmed.

Decree affirmed.