In re Estate of Jeremiah Klotz, deceased. Appeal of Edgar J. Klotz, surviving executor of Jeremiah Klotz, and Robt. B. Klotz and Minnie L. Haines.

*Wills—Conversion—Distribution—Widow.*

Where a testator orders and directs that all his estate, real, personal and mixed, of whatsoever nature and kind, shall be sold and converted into cash by his executors within two years after his death, " and shall be divided between " his widow and children, naming them, " or their heirs, in such proportions and upon such terms and conditions as they would be entitled to the same under the intestate laws of this commonwealth had J

died intestate," the will works a conversion of the blended estates into " cash," for the purpose of distribution, and if the widow dies before the fund raised by the sale of the real estate has been distributed, her distributive share will be payable to her representative.

Argued Jan. 31, 1899. Appeal, No. 420, Jan. T., 1898, by Edgar J. Klotz et al., from decree of O. C. Lehigh Co., Nov. T., 1898, No. 1, dismissing exceptions to auditor's supplemental report. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to report of auditor, J. Dillinger, Esq.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was the decree of the court.

*John Rupp*, with him *C. J. Erdman* and *T. F. Diefenderfer*, for appellants.—One of the cardinal rules for the construction of wills is that the intention of the testator must be gathered from the will itself: Baker & Wheeler's App., 115 Pa. 590, and the uniform rule is that such intention must be gathered from the will as a whole and not from isolated parts thereof: Leech v. Robinson, 74 Pa. 273; Barker's App., 72 Pa. 421; Seibert v. Wise, 70 Pa. 147.

All mere technical rules of construction must yield to the expressed intention of a testator, if the intention be lawful: Reck's App., 78 Pa. 432.

In construing a will it is proper to consider the testator's surrounding circumstances at the time he made his will, including the character and amount of his property, and who were his family or his relatives: Follweiler's App., 102 Pa. 581; Postlethwaite's App., 68 Pa. 477; Stambaugh's Est., 135 Pa. 585; Jacobs's Est., 140 Pa. 268; MacConnell v. Wright, 150 Pa. 275.

*James K. Bowen*, for appellee.—The will worked a conversion: Lehman's App., 105 Pa. 128; Laird's App., 85 Pa. 339; Jones v. Caldwell, 97 Pa. 42; Bright's App., 100 Pa. 603; McWilliams's App., 117 Pa. 111; Adams's Est., 148 Pa. 394; Fahnestock v. Fahnestock, 152 Pa. 56; Thomman's App., 161 Pa. 444; Hunt's App., 105 Pa. 128; Marshall's Est., 147 Pa.

84; Irwin v. Patchen, 164 Pa. 51; Stineman's App., 34 Pa. 394; Drenkle's Est., 3 Pa. 377; Grider v. McClay, 11 S. & R. 223; Evans's App., 63 Pa. 183.

OPINION BY Mr. CHIEF JUSTICE STERRETT, Feb. 27, 1899:

This appeal challenges the correctness of the construction given by the court below to the fourth paragraph of Jeremiah Klotz's will, wherein—after having previously bequeathed to wife Ellen F. Klotz $500, etc.,—he declares: "I order and direct that all my estate, real, personal, and mixed, that I may die seized or possessed of, of whatsoever nature and kind, shall be sold and converted into cash by my hereinafter named executors within two years after my death, for the best price that can be obtained for the same, and shall be divided between my widow, Ellen J. Klotz and my children, Edgar J. Klotz, Minnie L. Klotz and Robert B. Klotz, or their heirs, in such proportions and upon such terms and conditions as they would be entitled to the same under the intestate laws of this commonwealth had I died intestate."

The language thus employed by the testator is so positive and unequivocal that his intention to convert into "cash" all the estate, real, personal and mixed," of which he was seized or possessed at the time of his death, cannot be doubted. By the terms of the will, an out and out conversion of the blended estates into "cash," for the purpose of division, as such, among the four legatees therein named was effected, and took place at the time of the testator's death: Parkinson's Appeal, 32 Pa. 455; Thomman's Estate, 161 Pa. 444. In the first cited case, the testator's direction to sell his residuary estate for the purpose of division, was held to work a conversion of his children's shares in the real estate, and that, for the purposes of the will, the proceeds of the real estate should "be treated as if it had been personal estate at the death of the testator."

It is not the real and personal estate of which the testator died seized or possessed that he says "shall be divided between" his widow and three children, "or their heirs," but the "cash," or net proceeds of the sale of his estate, "real, personal and mixed," which he directed his executors to make; and in effect he provides that the share or proportion of said fund to which each legatee shall be entitled shall be the same as they, respec-

tively, would be entitled to under the intestate laws, in case he had died possessed of the fund and intestate.    This, in substance, is the construction given to the clause in question by the learned auditor and court below ; and we think it is correct.

In obedience to the testator's express direction, the property was sold within the time specified, and during the lifetime of his widow, but the real estate was not formally conveyed to the purchaser until after her decease.    The only effect that this fact could possibly have on the distribution was the necessity of awarding her distributive share of the fund to her personal representative instead of to herself.

After the payment of debts, expenses of administration, and legacy of $500 to the widow's personal representative, the net balance for distribution among the four legatees was $3,916.02. Treating this as personalty, one third thereof was awarded to the personal representative of the widow and one third of the residue to each of the three children.    We think this was in strict accordance with the testator's intention as shown by the provisions of his will.    It follows that neither of the specifications of error should be sustained.

Decree affirmed and appeal dismissed at appellant's costs.