## Man's Estate.    Man's Appeal.

*Wills—Vested and contingent estates.*

Testator by his will gave certain property in trust to pay the net income "into the hands of Louisa S. Anson, and from and after her death the principal to be divided among such children of the said Louisa who shall be living at a period not exceeding nine months after my decease, and in default of such children, remainder to my heirs." *Held*, that the children of the life tenant who were living at the death of the testator took a vested interest in the estate.

Upon the whole of the will, it is apparent that the interest of the children was simply postponed to let in their mother's.    Even without the nine months' clause, such of her children as survived testator would have thereupon taken vested interests in remainder.    That clause, which was evidently intended to embrace any posthumous child who might be born, extended the time for ascertainment of the class.    By MR. CHIEF JUSTICE STERRETT.

VOL. CLX—39

Argued Jan. 18, 1894.    Appeal, No. 136, July T., 1894, by
Juliet D. Man, from decree of O. C. Phila. Co., April T., 1890,
No. 37, distributing the estate of Daniel Man, Jr., deceased.
Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and
FELL, JJ.   Reversed.

Exceptions to adjudication of account of Real Estate Title
& Trust Co., substituted trustee.

From the adjudication it appeared that Daniel Man, Jr.,
died in February, 1853, leaving a will containing the following
bequest:

"I give and devise all the estate real and personal to which
I am entitled under the will of my late father unto Samuel W.
Paul and John Jordan Jr of Philadelphia and their heirs in
trust nevertheless and upon this express confidence that they
shall receive the rents issues and profits thereof and after de-
ducting the necessary expenses of the trust shall pay over the
balance remaining in their hands into the hands of Louisa S.
Anson of Philadelphia the daughter of William Arnel late of
Bordentown New Jersey her own receipt alone to be a dis-
charge and from and after her death, the principal to be divided
among such children of the said Louisa who shall be living at
a period not exceeding nine months after my decease and in
default of such children remainder to my heirs."

Four children of Louisa S. Anson were living at the expira-
tion of nine months after testator's decease, viz.: E. A. S. Man,
George E. Man, Jane Man and Walter Man.

Walter Man subsequently died in the lifetime of the life
tenant, leaving a widow, to whom were granted letters of ad-
ministration on his estate.

Upon the death of the life tenant, the Real Estate Title &
Trust Co., which had been appointed as trustee in place of the
original trustees named in the will, filed their account of the
estate, showing a balance of $27,957.71, all in personal prop-
erty.

The administratrix of Walter Man claimed a one fourth
share of this fund.   The auditing judge, PENROSE, J., held
that Walter's share was not vested, but was contingent upon
his surviving the life tenant, and awarded the whole fund to
the other children.   Exceptions by the widow and administra-

trix of Walter Man, deceased, were dismissed by the court, in an opinion by HANNA, P. J., and a dissenting opinion by ASH-MAN, J., 2 Dist. R. 830.

*Error assigned* was in not awarding one fourth of the balance in the hands of the accountant to the personal representative of Walter Man, deceased.

*Frank P. Prichard*, for appellant.—Where the enjoyment of an entire fund is given in fractional parts at successive periods which must eventually arrive, the distinction between time annexed to payment and time annexed to the gift becomes important. In such a case it is well settled that the interests vest together: Chew's Ap., 37 Pa. 23; McGill's Ap., 61 Pa. 46; McClure's Ap., 72 Pa. 414; Chess's Ap., 87 Pa. 362.

The inclination of the courts is always in favor of the vesting of legacies, because as a rule it is the intention of the testator that his bounty should be transmitted to the children or family of the beneficiary; otherwise, indeed, full effect is not given to it: McArthur v. Scott, 113 U. S. 340; Jarman on Wills, 799.

If the postponement of division of payment is merely on account of the position of the property; if, for instance, there is a prior gift for life, or a bequest to trustees to pay debts, and a direction to pay upon the decease of the legatee for life or after payment of the debts, the gift in remainder vests at once: Hawkins on Wills, 232; Theobald on Wills, 412.

In the case of a gift of personalty in remainder, all children born at the death of the testator and coming into being before the tenant for life, take a share to the exclusion of those born afterwards: Theobald on Wills, 246; Jarman on Wills, 6 Am. ed. 1001; Hawkins on Wills, 72.

The testator having used clear and unambiguous language, that language must be the test of his intention: Pennsylvania Co.'s Ap., 109 Pa. 479.

*E. A. S. Man*, for appellees.—Where money is bequeathed for life to one person, and upon his death is bequeathed to another or others, the interest of the remainderman vests at death of testator, if it be certain that at some future time he or

they will be entitled to take, the enjoyment only being postponed. There are exceptions to this rule: (1) Where the will expressly provides a time when the interest shall vest. (2) Where the intention of the testator that the remainder shall not vest can be gathered from the language of the bequest. The intention of testator is superior to all rules: 2 Wms. Exrs. 1103; Bayard v. Atkins, 10 Pa. 15; Lamb v. Lamb, 8 Watts, 184; Shouler on Wills, § 562.

Where there is no gift, except by a direction to divide a fund among a class, "from and after" a given event, the vesting must be postponed until after that event has happened: Redfield on Wills, 227; Schouler on Wills, § 564; Beach on Wills, § 179; 1 Jarman on Wills, 797; 1 Roper on Legacies, 587; Fearne on Remainders, 154, 554; Chaplin on Suspension of Powers of Alienation, § 389; Leake v. Robinson, 2 Merivale, 363; Cartledge Case, 29 Beav. 583; Magoffin's Admr. v. Patton, 4 Rawle, 116; Lamb v. Lamb, 8 Watts, 186; Moore v. Smith, 9 Watts, 407; Bowman's Ap., 34 Pa. 19; Homan v. Rothenberger, 1 Wood. Dec. 382; 2 Wms. Exrs. 1238.

OPINION BY MR. CHIEF JUSTICE STERRETT, April 2, 1894:

The learned court erred in its assumption that the bequest to Walter Man was made contingent upon his surviving his mother Louisa S. Anson. True the "principal" of the estate was directed to be "divided" "from and after" her death; but by the express terms of the will it was to be "divided" among "such" of her children "as should be living at a period not exceeding nine months after" testator's—not her—death. The gift over to testator's "heirs" obviously had reference to the last antecedent, and could only become operative upon default of "such children" as should be "living" at the "period" fixed by the testator. The death of Mrs. Anson simply marked the limit of her interest and the beginning, in possession, of those entitled in remainder. The rule is conceded that where there is bequest in the form of a direction to pay, or pay and divide "from and after" the happening of any event, "then the gift being to persons answering a particular description, if a party cannot bring himself within it he is not entitled to take the benefit of the gift. There is no gift in these cases except in the direction to pay, or in the direction to pay and divide

But if. upon the whole will, it appears that the future gift is only postponed to let in some other interest, or, as the court has commonly expressed it, for the greater convenience of the estate, the same reasoning has never been applied to the case. The interest is vested notwithstanding, although the enjoyment is postponed: " Packham v. Gregory, 4 Hare, 398. Upon the whole of this will, it is apparent that the interest of the children was simply postponed to let in their mother's. Even without the nine months' clause, such of her children as survived testator would have thereupon taken vested interests in remainder. That clause, which was evidently intended to embrace any posthumous child who might be born, extended the time for ascertainment of the class; and, as Walter Man survived the time so fixed, he took a vested interest which, upon his subsequent death, passed by operation of law to his personal representative.

This view is not in conflict with the decision of this court in Cascaden's Estate, 153 Pa. 170. There the legatee died before the happening of the contingency upon which his interest was to vest, while here he survived.

Nor is there any ground for presumption in favor of the testator's heirs at law. The children of Louisa S. Anson were preferred objects of his bounty, as the will shows, and every intendment is in their favor. As already seen, testator's heirs at law could only have taken " in default of such children " of Louisa S. Anson as should be " living at a period not exceeding nine months after" testator's death, and Walter Man, who was one of these children, having survived the testator, necessarily thereupon took a vested interest.

Decree reversed with costs to be paid by the appellees; and it is now adjudged and decreed that the balance for distribution, to wit: Twenty-seven thousand nine hundred and fifty-seven dollars and seventy-one cents ($27,957.71), subject to apportionment of income accruing at the death of the tenant for life, be awarded to Edward A. S. Man, George E. Man, Juliet D. Man, administratrix of Walter Man, deceased, and Jane Man, in equal shares.