## Thomman's Estate. Thomman's Appeal.

*Will—Vested and contingent interests.*

Testator directed as follows: " I direct that the farm which I now own and occupy, shall not be sold during the life of my beloved wife, if she shall survive me, but after her death it shall be sold at public sale, and the proceeds thereof shall be equally divided between my children share and share alike." *Held*, (1) that there was a conversion at testator's death; and (2) that the children took a vested interest at testator's death.

Argued April 25, 1894. Appeal, No. 501, Jan. T., 1894, by H. S. Thomman, heir, from decree of O. C. Cumberland Co., distributing estate of Adam Thomman, deceased. Before STER-RETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to auditor's report. Before SADLER, P. J.

The auditor, J. E. Barnitz, Esq., reported as follows:

" Adam Thomman died April 24, 1886, leaving a widow and children. In the second clause of his will duly proven he provided as follows : 'I direct that the farm which I now own and occupy, shall not be sold during the life of my beloved wife, Margaret, if she shall survive me, but after her death it shall be sold at public sale, and the proceeds thereof shall be equally divided between my children, share and share alike.'

" The testator has made an absolute direction that upon the death of his wife the farm shall be sold, and the proceeds equally divided among his children, subject to a deduction from the share of Mrs. Geiling in a subsequent clause of the will. This direction works a conversion of the land into money from the tes-

tator's death, and it is to be so treated in this distribution. The fact that the period of sale is postponed, and the land cannot be sold until the time arrives, does not affect the question of conversion, 'if the direction be positive and explicit, irrespective of all contingencies and independent of all discretion:' Parkinson's Appeal, 32 Pa. 455; Anewalt's Appeal, 42 Pa. 414.

"The real contention is as to whether the legacies were vested or contingent. Lena Zeigler, one of the children, died after the testator, and before the death of the widow. The fund for distribution being treated as personalty, if the legacy is vested, the share which Lena Zeigler would have taken were she now living would pass to Philip Zeigler as her administrator; if contingent, the entire fund would be distributed to the children living at the death of the widow. Were, then, the legacies vested or contingent?

"As a general rule, a legacy is vested or contingent just as time shall appear to be annexed to the gift, or the payment of it. If futurity is annexed to the substance of the gift, vesting is suspended, but if it appears to relate only to the time of payment, the legacy vests. McClure's Appeal, 72 Pa. 414.

"It is contended by the surviving children that the only gift the testator made to them is in the direction to pay and distribute, at a future time, and there being no antecedent gift independent of the direction to pay, the legacies are contingent. Such would be the case, unless from an examination of the entire will the intention appears to be contrary. 2 Williams's Ex'rs, 7th ed. 1232.

"There is in the present case no gift, but a direction to pay. The general rule is well settled that where there is no distinct gift, but such only as is inferable from a direction to pay, the legacy is contingent. Yet if such payment or distribution appears to be postponed for the convenience of the fund, or for the benefit of the party first to take, and on account of the character of the legatee, the vesting is immediate.

"In this case the testator directed that the farm should not be sold during the life of his wife, if she shall survive him, but after her death it shall be sold and proceeds divided, etc. It is clear the only purpose of postponing sale and distribution was for the benefit of his wife, and not on account of anything that affected the children so as to cause him to attach any con-

dition to the legacies. If his wife had not been living there would doubtless have been an immediate distribution to his children, the testator intending postponement of payment of the legacies as stated, 'if she survive me,' and this postponement was only on account of, and for the benefit of the widow. The distribution after death of his wife was not directed on account of the age or character of the legatees, but for the advantage and benefit of his widow.

" Testator doubtless intended the legacies to vest in his children living at his death, not to those who survived his wife. It would be a strained construction to hold that testator intended these legacies to vest only at the death of the wife. There was a possibility of all dying before that event, and no provision was made in view of it.

" In doubtful cases legacies are regarded as vested rather than contingent: Burd's Exrs. v. Burd's Adm., 40 Pa. 182.

" In the fourth clause of the will testator says: ' I bequeath the house and lot in Carlisle to my daughter, Susan Geiling, wife of John Geiling, subject to the payment by her annually of the interest on $600, at 5 per cent to my estate during the life of my wife. I further direct that the value of this property, to wit: $600, so bequeathed to my daughter shall be deducted from her share of the real estate when sold; that is, that this sum of $600 shall be part of her share, but that she shall not have more including it than any other children received.' Testator here speaks of one of his children, naming her in connection with her share of the other real estate. It tends to lead to the conclusion that it was the testator's intention that she should, in any event whatever, receive a portion of the proceeds of the sale of the farm, and that the legacies should vest at his death ; and in the same connection he speaks of his other children.

" That payment only was postponed for the benefit of the widow seems to be the only reasonable construction.

" The case of Bartholomew's Estate, 155 Pa. 314, cited by the counsel, differs from the present case in this, that the testator in that case clearly states that in event of death of any of his children before the shares should become payable, then such share should go to the survivors. The case does not govern in the present distribution.

" We are of the opinion that the legacies under the will of Adam Thomman vested at his death, and make distribution accordingly."

Exceptions dismissed ; exceptant appealed.

*Error assigned* was dismissal of exceptions, and distribution.

*J. W. Wetzel,* for appellant, cited : 2 Wms. Exrs. 1232 ; Bartholomew's Est., 155 Pa. 314 ; Cascaden's Est., 153 Pa. 170 ; Man's Est., 14 Pa. C. C. R. 52 ; Gibson's Estate, 14 Pa. C. C. R. 224.

*John Hays,* for appellee, not heard, cited : Jones v. Caldwell, 97 Pa. 42 ; Bright's Ap., 100 Pa. 602 ; Pyle's Ap., 102 Pa. 317 ; Miller v. Com., 111 Pa. 321 ; McWilliams's Ap., 117 Pa. 111 ; Mellon v. Reed, 123 Pa. 1 ; Letchworth's Ap., 30 Pa. 175 ; McClure's Ap., 72 Pa. 414 ; 1 Jarman on Wills, 764.

PER CURIAM, May 7, 1894 :

The questions intended to be raised by this appeal were rightly decided by the learned auditor ; and for reasons given in his report we think the decree complained of should be affirmed.

Decree affirmed and appeal dismissed with costs to be paid by appellant.