## Lewis's Estate.

*Wills—Decedents' estates—Trusts and trustees—Termination of trust—Remainders.*

1. Where a testator creates a trust for the benefit of his widow in such a way that the ultimate distributees of the fund cannot be determined until after her death, the widow and only surviving child are not entitled to a decree terminating the trust at a time when some of the parties who may ultimately participate in the fund may not yet be in existence.

2. Testator died leaving to survive him a widow and four children. By his will he created a trust of the residue of his estate for his widow for life, and upon her death directed the trustee to divide the corpus into four equal parts, and to pay one part thereof to each of his four children, "if living, or to the issue of such of my children as may then be deceased." After the testator's death three of the children died intestate without issue. Subsequently the widow and the other child, a son having two children living, presented a petition to the orphans' court for a decree terminating the trust. *Held,* that the orphans' court committed no error in dismissing the petition.

Argued Jan. 17, 1911. Appeal, No. 157, Jan. T., 1910, by Adelia R. Lewis and John T. Lewis, from decree of O. C. Phila. Co., Oct. T., 1898, No. 494, dismissing petition for the termination of a trust in Estate of William H. Lewis, deceased. Before Brown, Mestrezat, Potter, Elkin and Moschzisker, JJ. Affirmed.

Petition praying that a trust be declared terminated. Before LAMORELLE, J.

The decedent, William H. Lewis, died September 26, 1896, having previously made and executed his last will dated August 6, 1889. By the terms of this will John J. Foulkrod was named as executor therein and upon his decease, The Manayunk Trust Company was appointed as substituted trustee. On July 3, 1909, a petition was filed on behalf of Adelia R. Lewis, the widow, and John T. Lewis, only surviving child of the testator, praying that a citation be issued against The Manayunk Trust Company, substituted executor and trustee, to show cause why the trust therein set forth should not be terminated and the money or moneys in its hands, after deducting its proper charges and expenses, should not be turned over to the petitioners. The clause of the will creating the trust, and made the basis of the foregoing petition, is as follows:

"Item: I give, devise and bequeath unto my Executor hereinafter named all the rest, residue and remainder of my Estate of whatsoever kind and wheresoever situate in trust, however, to pay the net income and interest arising therefrom unto my said wife, Adelia R. Lewis, for and during the full end and term of her natural life, hereby authorizing my said Executor to sell any portion of my Estate at any time he may desire and deem it prudent and of advantage to do so, either at public or private sale, giving unto the purchaser or purchasers thereof a good and sufficient deed or other assurance therefor without any liability on the part of such purchaser or purchasers to see to the application of the purchase money thereof and the moneys arising from said sale to reinvest in such good securities as he may elect and again the same to sell as above stated whenever he may deem it proper and of advantage to do so, and the proceeds again to reinvest for the benefit of my Estate and in trust further from and immediately after the decease of my said wife, I desire and authorize my Executor to divide the corpus of my Estate into four equal parts or shares and to pay one full

equal fourth part or share thereof unto each of my children, viz.: John T. Emma A. William J. and Minnie L. absolutely, if living, or to the issue of such of my children as may then be deceased by right of representation, providing such issue shall be of the full age of twenty-one years, otherwise the share of such issue of any deceased child of mine, I desire held in trust by my Executor as Guardian of such minor issue of deceased child of mine until they severally arrive and become of the full age of twenty-one years, and on failure of issue of any deceased child or children of mine such deceased child or children's share in my Estate, I desire shall be divided equally among those of my children or Grandchildren sharing in my Estate, share and share alike, such Grandchildren, however, taking only their parent's share."

Emma A. Cornog, William J. Lewis and Minnie L. Jones, the other children of the testator, had died intestate and without issue at the time of the presentment of the petition. John T. Lewis had living at the time of filing the petition two children.

*Error assigned* was decree dismissing petition.

*William Morgan Montgomery*, for appellants.

No paper-books or appearance for appellee.

PER CURIAM, March 20, 1911:·

The widow of the testator, for whose benefit he created the trust which she and their only surviving child wish to have terminated, is still alive. Who will be the ultimate distributees of the fund under the will of her husband cannot be determined until her death, and the court below could not have made a decree terminating the trust without the consent of all parties in interest. Such parties were not before it, for some who may ultimately participate in the fund may not yet be in existence.

Decree affirmed at appellants' costs.