# Massey's Estate.

*Wills—Construction—Vested and contingent remainders.*

After a gift of the entire income of his estate to his wife for life testator gave one-third of the residue of his estate to his son absolutely, and the remaining two-thirds to his executors in trust to pay the net income thereof equally to his two daughters M. and H., for their respective lives, and from and after their respective deaths to assign their respective shares of the residuary estate to and among their respective child or children, or their issue, for such share interest or estate, as the respective daughters might appoint by will, and in default of such appointment to assign the shares of said daughters to their respective child or children equally. "But if my said daughters shall die without leaving any child or children living at the time of their respective decease, or, if leaving such then living, all should die during minority without leaving issue to survive them, then the share of such so respectively dying shall accrue to and belong to my other children mentioned in this my will and to the issue of any of them being then deceased, such issue to take equally the share their parent would have taken if living, the share coming to any daughter to be held by my executors upon the trusts above mentioned." Testator's widow died, and thereafter the son died without issue, but leaving a widow. By his will he bequeathed all of his property to his sister H. The widow elected to take against his will. Subsequently testator's daughter M. died intestate, unmarried and without issue. *Held,* (1) that the testator's son's estate had a vested interest in one-half of the trust estate held for M. for life; (2) that one-half of this one-half should be awarded to the son's widow, and the other one-half thereof to H. under the son's will.

Argued Jan. 10, 1912. Appeal, No. 271, Jan. T., 1911 by Helen F. Massey, from decree of O. C. Phila. Co., Jan. T., 1892, No. 578, dismissing exceptions to adjudication in Estate of William Massey, deceased. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication.

ANDERSON, J., filed the following opinion:

After a gift of the income from his entire estate for life to his wife, testator gave one-third of the residue to his son Walter S. Massey absolutely and the remaining two-thirds in trust to pay the net income therefrom in equal shares to his two daughters Margaret R. Massey and Helen F. Massey for life, and from and after their respective decease upon the further trust to "assign their respective shares of said residuary estate to and among their respective child or children or their issue for such share interest or estate as my said respective daughters whether married or single may respectively by will or writing in the nature thereof direct limit or appoint to and among their children, and in default of such appointment upon the further trust to assign and convey the shares of my said daughters respectively to their respective child or children equally. But if my said daughters shall die without leaving any child or children living at the time of their respective decease, or, if leaving such then living, all should die during minority without leaving issue to survive them, then the share of such so respectively dying shall accrue to and belong to my other children mentioned in this my will and to the issue of any of them being then deceased, such issue to take equally the share their parent would have taken if living, the share coming to any daughter to be held by my executors upon the trusts above mentioned."

Testator's daughter Margaret R. Massey died July 13, 1910, intestate, unmarried and without issue. Walter S. Massey died May 29, 1909, without issue, leaving him surviving his wife, Harriet M. P. Massey, and by his will, made prior to his marriage, gave his estate to his sister, Helen F. Massey. His widow elected to take against his will, and therefore his estate is divisible between her and Helen F. Massey.

Claim was made at the audit on behalf of Harriet M. P. Massey to one-quarter of the principal of the fund

held in trust for Margaret, on the ground that Walter had a vested interest therein in remainder. This claim was resisted on behalf of Helen F. Massey, the surviving child of testator, on the ground that the interest of Walter was contingent upon his surviving Margaret, and having died in her lifetime he took no part thereof.

The auditing judge held that the interest of Walter vested in him at the time of the testator's death and therefore distributed the fund held in trust for Margaret one-half to the trustees for Helen F. Massey and the other one-half as part of Walter's estate, one-half to his widow and one-half to his sister Helen as the sole legatee under his will, and to this distribution the present exceptions are filed.

We are not convinced that it is necessary to decide what interest Walter Massey had during his lifetime, as the question is rather what interest passed to his estate at the time of the death of Margaret.

This distinction is pointed out in Buzby's Appeal, 61 Pa. 111. In that case the testator devised certain real estate in trust for the use of his son William for life and after his death in trust for his children then living and the issue of such of them as should be deceased, their respective heirs and assigns, in equal parts or shares, etc., and for want of such child or children or lawful issue, then in trust for the use of his (testator's) right heirs forever. William died without issue, and the decision turned on the question as to who were the right heirs of the testator who were to succeed to the estate on the death of William without children or issue of deceased children. Mr. Justice WILLIAMS, in a clear and lucid opinion, calls attention to the fact that many cases in Pennsylvania had decided such remainder interests to be vested, and others contingent, and goes on to say: "If, then, the estate devised to the testator's right heirs was a vested remainder, the heirs at his death took the estate, and as William, the devisee for life, was one of the testator's heirs, it would follow that

his devisees became entitled to his share on the termina-
tion of his life estate. But there are authorities, and
among them some decisions of our own, which show
that the remainder in this case is to be regarded as con-
tingent rather than as vested; and the weight of the
authorities seems to be in favor of this doctrine. * * *
If, then, the remainder is to be regarded as contingent,
in whom did it vest? In those who were heirs of the
testator at the time of his death, or in those who were
heirs at the death of his son William? The remainder,
if contingent, did not vest till William's death. But
it does not follow that it vested in those who were the
heirs at his death; if it did, then it was doubly con-
tingent. The event upon which it was to take effect,
and the persons to whom the estate was limited, were
both dubious and uncertain. If there was no uncer-
tainty as to the class, the persons composing this class
could only be known and ascertained upon the death of
the tenant for life. If the remainder had been ex-
pressly limited to the heirs living at the death of the
testator, it would have been contingent in view of the
doctrine of the cases last cited. And the question re-
curs, who are the testator's right heirs? As a general
rule of construction, it is well settled that a devise or
bequest to heirs, or heirs at law of a testator, or to his
next of kin, will be construed as referring to those who
are such at the time of the testator's decease, unless a
different intent is plainly manifest by the will;" citing
numerous authorities.

And speaking of the word "then," which, in that case
as in this, is used at the beginning of the clause giving
the estate over, he says: "Nor will the use of the word
'then,' as introductory to the bequest or devise over
after the death of the tenant or legatee for life, prevent
the general rule from applying unless it is so used as
clearly to indicate that the next of kin, or heirs living
at the death of the tenant for life, are intended by the
testator: Holloway v. Holloway, 5 Ves. Jun. 399;

Ware v. Rowland, 2 Phillips 635; Wharton v. Barker, 4 Kay & Johns. 483. * * * The limitation in these words: 'And for want of such child or children, or lawful issue, then in trust for the use and behoof of my right heirs for ever.' Obviously, the word then is not used in this clause as an adverb of time, but as a conjunction, signifying in that case, in that event or contingency. If this be its meaning, there is nothing to prevent the general rule from applying, and the words must be construed as referring to the heirs of the testator at the time of his death."

This was followed and approved in Stewart's Estate, 147 Pa. 383.

These decisions show that it is not essential that the estate must vest either in possession or interest in the ultimate remainderman during his lifetime, if he fills the description as one who is to take in default of the alternative remaindermen. In the present case, as in Buzby's Appeal, and Stewart's Estate, the question of what interest the children of the decedent had during their lifetime is of no importance. The question before us is as to who is to take upon the contingency which has now arisen, that is, the death of Margaret intestate and without issue.

Looking at the will to find who are named as the persons to take, we ascertain that the parties answering the description are the daughter, Helen, and the son, Walter, and no other, unless either of them should die leaving issue. Had either of them died leaving issue, the issue would have stood in the place of the parent, but neither of them having died leaving issue the vesting of the estate in them cannot be affected by the substitutionary clause; and, as far as this fund is concerned, the will is to be construed as though the substitutionary clause had never been written: Carstensen's Estate, 196 Pa. 325.

Walter Massey and his sister Helen answer the description of "my other children mentioned in this my

will," and the estate must pass, under the doctrine of the cases cited, to or through them, one-half going to the trustees of Helen and the other half passing to those entitled to Walter's estate, namely, his widow and his sister.

The exceptions are dismissed.

*Error assigned* was in dismissing exceptions to adjudication.

*Eli Kirk Price* for appellant.—Walter's remainder was not vested but contingent: Richardson's App., 19 W. N. C. 175; Carstensen's Est., 196 Pa. 325; Clark's Est., 14 W. N. C. 94; Rowland's Estate, 141 Pa. 553; Raleigh's Estate, 206 Pa. 451; Manderson v. Lukens, 23 Pa. 31.

If it should be held that, for want of express words of survivorship or otherwise, the trustees of Helen, as the sole survivor of testator's "other children" are not entitled to the whole estate, formerly held in trust for Margaret, there is an intestacy as to the one-half of Margaret's estate, which would have gone to Walter or his issue: Bell's Estate, 147 Pa. 389.

*Alfred I. Phillips,* for appellee.—Contingent remainders have not been favored in Pennsylvania. They lead to inequality and unfairness and are capable of distorting a testator's intention. The policy of the Pennsylvania cases has been to treat remainders as vested whenever the provisions of a will permit it: Letchworth's App., 30 Pa. 175; Chew's App., 37 Pa. 23; McClure's App., 72 Pa. 414; Smith's Estate, 226 Pa. 304.

The objections to a contingent remainder are overcome by holding the remainder to be vested subject to being divested by an attending contingency. Remainders have been held to be vested in this manner in the following cases: Minnig v. Batdorff, 5 Pa. 503; Manderson v. Lukens, 23 Pa. 31; Chew's Appeal, 37 Pa. 23;

Womrath v. McCormick, 51 Pa. 504; Crawford v. Ford, 7 W. N. C. 532; Laguerenne's Estate, 12 W. N. C. 110; Richardson's Appeal, 19 W. N. C. 175; Scull's Estate, 9 Pa. C. C. R. 347; Carstensen's Estate, 196 Pa. C. C. R. 325; Wetherill's Estate, 214 Pa. 150; Freeman's Estate, 35 Pa. Superior Ct. 185; Hood v. Penna. Society, 221 Pa. 474; Long's Estate, 228 Pa. 594.

OPINION BY MR. JUSTICE BROWN, March 18, 1912:

William Massey died testate February 18, 1891. After directing that the income from his entire estate should be paid to his widow for life, he gave one-third of his residuary estate to his son, Walter S., absolutely, and the balance was disposed of as follows: "The remaining two-thirds of my estate (subject to the said life estate of income to my said wife) I give, devise and bequeath unto my executors hereinafter mentioned and their heirs in trust to pay the net income thereof equally to my two daughters Margaret R. Massey and Helen F. Massey for their sole and separate use respectively for their respective lives so that the same shall not be liable for their debts and contracts or for the debts or contracts of any husband that they may take, and from and after their respective decease upon the further trust to assign their respective shares of said residuary estate to and among their respective child or children or their issue for such share interest or estate as my said respective daughters whether married or single may respectively by will or writing in the nature thereof direct limit or appoint to and among their children, and in default of such appointment upon the further trust to assign and convey the shares of my said daughters respectively to their respective child or children equally. But, if my said daughters shall die without leaving any child or children living at the time of their respective decease, or, if leaving such then living, all should die during minority without leaving issue to survive them, then the share of such so re-

spectively dying shall accrue to and belong to my other children mentioned in this my will and to the issue of any of them being then deceased, such issue to take equally the share their parent would have taken if living, the share coming to any daughter to be held by my executors upon the trusts above mentioned." The widow of the testator is long since deceased and the son Walter died May 29, 1909, without having had issue. He left a widow and a will, by the terms of which he gave all of his property to his sister Helen. His widow elected to take against the will, and, upon the audit of the account of his executors, she was awarded one-half of his estate and his sister Helen the other half. Margaret, the other daughter of the testator, died July 13, 1910, intestate, unmarried and without issue, and the question before the court below, in distributing the fund in the hands of the Philadelphia Trust, Safe Deposit and Insurance Company, substituted trustee for the two daughters of the testator, was whether the estate of Walter, who died before his sister Margaret, without leaving issue, was entitled to share in the distribution of the fund held in trust for her. From the decree of the court below, awarding one-half of the said trust fund to the estate of Walter, his surviving sister Helen has appealed.

The auditing judge awarded to Walter's estate one-half of the fund held in trust for his sister Margaret, on the ground that his estate had a vested interest in her trust estate under the terms of his father's will. In overruling the exceptions to the adjudication and confirming it the court below avoided a decision as to what interest Walter had during his life in the fund held in trust for his sister, holding that the only question before it was what interest, if any, in that fund had passed to his estate upon her death.

If the testator had directed that, upon the death of his daughter Margaret without issue, the share held in trust for her should go to his heirs at law, the heirs to

take would be those who were living at the time of his death, for no contrary intent appears in his will: Buzby's Appeal, 61 Pa. 111; Stewart's Estate, 147 Pa. 383; Fitzpatrick's Estate, 233 Pa. 33. Walter was one of those heirs, and his estate would now take his share in his sister's trust estate; but that there might be no doubt as to the intention of the testator as to who should take if Margaret should die without issue, he declared that the estate held in trust for her should belong to his two other children, "to my other children mentioned in this my will and to the issue of any of them being then deceased." Walter was one of these two children, the other being the surviving daughter. The survivorship was confined to the daughters. Walter or his issue were to take one-half of the trust fund without condition upon the death of either of his sisters leaving no issue. As Walter died without leaving issue, the limitation over to his issue, if he should die leaving any, becomes utterly unimportant as a substitutionary clause and need not be considered in the distribution: Carstensen's Est., 196 Pa. 325. The clear and well considered opinion of the court below relieves us from any further discussion of the questions raised by the appellant.

Decree affirmed, with costs to the appellee.