## Evans's Estate (No. 1).

*Wills—Construction—Vested and contingent estates.*

Where the testatrix gave the residue of her estate to a trustee to pay the income to her sister for life, and upon the death of the life tenant, to pay and divide two-fifths of the income among six children of the life tenant by name, for their respective lives and after the death of each of the said children, then to pay a representative portion of the capital to his children, if any then living, and the issue of any then deceased; and in case there shall be no such child or issue of deceased child then living of the nephew so dying, then in trust to pay the same to the other children of the sister who may then be living, and if none of such children or issue of deceased children be then living, then over, the gift to the children of the life tenant is not vested but is contingent upon their surviving the life tenant.

Argued Jan. 24, 1919. Appeals, Nos. 120 and 121, by Winfield S. and Randolph P. Russell, from decree of O. C. Philadelphia Co., April T., 1888, No. 403, sustaining exceptions to adjudication in Estate of Emma L. Evans, deceased. Before BROWN, C. J., STEWART, MOSCH-ZISKER, WALLING and SIMPSON, JJ. Reversed.

Exceptions to adjudication.

The court sustained the exceptions.

Appeal by Winfield S. and Randolph P. Russell.

*Errors assigned* were in sustaining the exceptions.

*Isaac A. Pennypacker*, with him *George Wharton Pepper*, for Winfield S. and Randolph P. Russell, appellants. —Where a gift is only implied from a direction to pay it is necessarily inseparable from the direction and must partake of its quality. Insomuch as the one is future and contingent, so must the other be: Rosengarten v. Ashton, 228 Pa. 389; Safe Dep. & Trust Co. v. Wood, 201 Pa. 420.

The gift was contingent upon surviving the life tenant: Sternberg's Est., 250 Pa. 167; Wood v. Schoen, 216 Pa. 425.

*Thomas James Meagher*, for Harry S. Mesirov, trustee in bankruptcy of William F. Russell, appellee.

*C. J. Hepburn*, of *Hepburn, Dechert & Norris*, for Eliza A. Settle, Sallie F. Coxe and Adam E. Wright, appellees.

OPINION BY MR. CHIEF JUSTICE BROWN, April 21, 1919:

Emma L. Evans died testate December 22, 1887. She placed her residuary estate in trust, and provided that the entire net income therefrom, after the payment of certain annuities, should be paid to her sister, Sarah E. Russell, for life. She directed that, upon the death of this sister, the residuary estate should be divided into five parts, and as to two of them made the following disposition: "Two parts whereof I devise and bequeath to my said Trustee in Trust to pay and divide the net income thereof equally to and among the children of my Sister Catharine S. Russell namely, Charles S., William F., Stephen F., Harvey C., Winfield S., and Randolph P. Russell, for their respective lives and so that the same shall not be subject to their debts or liabilities or to any

right or power of anticipation whatever; and after the death of each of the said children, then in Trust to transfer and pay so much of the principal or capital of my residuary estate as may represent his share of the said income to his children (if any) who may then be living and the issue of any who may then be deceased leaving issue, share and share alike, such issue of any deceased child however to take the parent's share; and in case there shall be no such child or issue of deceased child then living of the nephew so dying then in Trust to pay the same to the other children, and the issue of any deceased child (such issue to take a parent's share) of my said sister, Catharine S. Russell who may then be living; and if none of such children or issue of deceased children be then living then in Trust to pay the same to my next of kin according to the intestate laws." Charles S. Russell, one of the above-named nephews, died without issue, in the lifetime of the testatrix; Stephen F. died without issue March 1, 1895; Harvey C. died without issue August 9, 1896, and William F. died without issue March 19, 1909. Sarah E. Russell, the cestui que trust, died June 22, 1910, survived by but two of the six nephews of the testatrix, Randolph P. and Winfield S. Russell. At the readjudication of the account of the trustee the auditing judge held that the nephews did not have a vested interest in the residuary estate during the lifetime of Sarah E. Russell, as the interest of each was contingent upon his surviving her. The court in banc sustained exceptions to this, and held that the interest of each nephew was vested, payable at the death of the life tenant, to the representatives of a deceased nephew and to the two who survived. From this the latter have appealed, on the ground that the auditing judge correctly held that the interest of each nephew was contingent and had not vested in any of the four who had died.

During the lifetime of Sarah E. Russell it was not possible to determine who would take at her death the income or principal of the trust fund. No portion of the

principal was payable to any one until after her death, and until she died the six named nephews had no interest in the income. If all had survived her each would have acquired an interest in it; but if all had died without issue during her lifetime—before any portion of the principal had become payable to any one—the entire residuary estate would have gone to the "next of kin" of the testatrix, "according to the intestate laws," for she expressly so directed. If all had died leaving issue, the issue would have taken. How, then, can it be said that any interest had vested in the nephews before the death of the cestui que trust? Words could not make clearer the intention of the testatrix, that no interest should vest in them during the lifetime of her sister, and this intention must be given effect without regard to any rule of construction: Mulliken v. Earnshaw, 209 Pa. 226. If a rule of construction were to be applied, the interest of the nephews would have to be regarded as contingent, for there was no direct gift to them of principal or income, the gift being implied only from the direction to transfer and pay, and as to this the settled rule is: "Where there is no gift but in a direction to pay or transfer or divide among several persons, at a future period, though the future period is annexed to the payment, possession or enjoyment, yet it is also annexed to the devise or bequest itself. For, in this case, the direction to pay or transfer or divide, constitutes the devise or bequest itself; and, therefore, the vesting in interest is postponed, and not merely the vesting in possession or enjoyment": Smith on Executory Interests, Sec. 314. Among the many of our own cases following this English rule are Moore v. Smith, 9 Watts 407; Provenchere's App., 67 Pa. 463; Reiff's App., 124 Pa. 145; Rosengarten v. Ashton, 228 Pa. 389.

The decree of the court below is reversed and the record remitted with direction that distribution be made in accordance with the view herein expressed, the costs on this appeal to be paid by the trustee out of the funds in its hands.