## Bennett's Estate.

*Wills—Construction—Vested and contingent estates—Devise to widow—Estate for life—Children living at death of widow—Acceleration—Words, etc.—"Then living."*

1. Where a testator devises certain real estate to his wife for life, and then over, and in a later clause gives and devises all of his residuary estate to his wife for life, and directs that, upon her death, the residuary estate as well as the real estate given specifically to his wife for life, shall vest in such of his children "as shall then be living," and the issue of any that may be deceased, the issue of any deceased child to take the parent's share, with a further direction that a portion of the share of one of testator's sons should be held in trust, the will is to be construed as giving an estate to testator's children contingent upon their living at the widow's death.

2. In such case, a sale of real estate by the widow, who had not elected against the will, with testator's children joining therein, will not accelerate the distribution so that the children and devisees of testator living at the time of the sale will be entitled to the proceeds, the same as if the widow had died.

Argued April 13, 1921. Appeal, No. 51, Oct. T., 1921, by Maria D. Bennett, widow of George H. Bennett, deceased, John F. Bennett, et al., from decree of O. C. Allegheny Co., Nov. T., 1920, No. 392, dismissing petition to require trustee to join in sale of real estate, in estate of George H. Bennett, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Petition to require trustee to join in the sale of real estate.

MILLER, P. J., filed an opinion as follows:

This proceeding, on petition and answer, is to require a trustee to join in the sale of real estate.

The petition, by the widow, tenant for life, and the children and certain grandchildren of testator, remaindermen, allege an advantageous offer for the real estate described, and setting forth a proposed division of the purchase money, the widow capitalizing her life estate at about one-third of the purchase money, and the remaindermen dividing the balance in the respective proportions of their present interests, reciting the provisions of testator's will, ask for the approval of the proposed sale, and an order directing the trustee for one of the interests, which is also the general trustee of the entire estate, to join in said sale and execution of a deed.

The answer of the trustee admits the facts, but avers, inter alia, that the estate in the remaindermen is contingent, and cannot be determined until the death of the life tenant, and that therefore the present remaindermen have no vested right, nor can it be ascertained what their shares would be; that the proposed sale and division is contrary to testator's intent; and finally that, under testator's will, the trustee alone is authorized to make sales, the fund to be held and used for the same purpose as is the land.

Testator's will, a very long one, devised, inter alia, the real estate, corner of Fifth Avenue and Logan Street, Pittsburgh, described in the petition, to his wife, for and during her natural life, with remainder over as herein set forth.

Later by the sixth paragraph of the will, he says: "All the rest, residue and remainder of my estate of every kind whatsoever, I give, devise and bequeath unto my beloved wife, Maria D. Bennett, for and during the term of her natural life, and at her death said residuary estate, as well as the remainder then left of all the real

estate hereinbefore devised to her for life, shall vest in such of my children, except as provided below, as shall then be living, and in the issue then living of such of them as may be then dead, the issue of a deceased child taking together the same share that such child would have taken if then living, excepting that the share that would be for my son, John F. Bennett, shall go as follows, if he be then living, to-wit: One-fourth to him absolutely, and three-fourths to the Safe Deposit & Trust Company of Pittsburgh, trustee, in trust for the following purposes."

The estate in remainder is contingent; who the parties may be and what shares they take, shall be ascertained, says the testator, at the widow's death. Who of her present children and grandchildren may then not be living, and what descendants may then be in being, cannot now be known; a division among the living now ignores those who may be entitled to take at the period fixed by the testator.

There is no authority for the contention that the widow's proposed capitalization of her life estate accelerates the time for ascertaining the remaindermen, and that their estates are thereby vested. This testator, by creating a trust, fixed a definite period when the remaindermen then living, and they only, should take the shares he provided for them. The authorities cited by the learned counsel for petitioner are based upon the widow's election to take against the will; even there clearly defined trusts are not accelerated; only when the rights of legatees or remaindermen are held in abeyance, being fixed at the time of the death of testator, may the widow's election accelerate the time for the remaindermen's immediate claim of benefit: Coover's App., 74 Pa. 143; Ferguson's Est., 138 Pa. 208, and Woodburn's Est., 151 Pa. 586, all show that the acceleration of the remaindermen's benefit arose out of the election of the widow to take against the will, which was held to be

equivalent to her death. In Disston's•Est., 257 Pa. 537, this doctrine under the facts is reannounced.

Nor can the contention of petitioner be sustained on the authorities in his supplemental brief, citing Steyer v. Freas, 15 Pa. 339, where a sale made by trustees, under facts similar to the case at bar, was sustained; nor yet upon Hamlin v. Thomas, 126 Pa. 20, which was a sale made by an executor during the lifetime of the widow, with her consent, the proceeds being applicable to the same use as the fund; nor yet upon Knapp v. Nissley, 254 Pa. 379, where the testatrix devised an estate to a trustee, to pay the income to her husband for life, and, after his death, to sell the property and divide the proceeds among certain designated legatees; the trustee sold the property to the life tenant, and, of course, held the fund in accordance with the terms of the trust. Unlike the cases just cited, the application here is to permit the widow, on her own volition, and certain remaindermen, to make a sale, ignoring the trust and directions of testator's will, and providing for a distribution among themselves of the present purchase price, without consideration of the rights of those who may be entitled thereto at the time fixed by testator's will.

Here, [it may be stated] as [was said] in Mulliken v. Earnshaw, 209 Pa. 226, where testator devised his real estate to his wife for life, and thereafter unto his children then living, and the issue of any that may be deceased, the issue of any deceased child to take only the parent's share......"All these remainders are clearly contingent. No child takes a vested interest because, until the happening of the contingency prescribed, the death of the widow, it cannot appear that he will be in the class to whom the devise is made, to-wit: those then living, and if he should die before them leaving issue, such issue would claim directly in her own right under the terms of the will......For until the age is attained, the character is sustained, or the act is performed, the person is unascertained. There is no person answering

the description of the person who is to take as devisee or legatee." To the same effect is Henry's Est., 53 Pa. Superior Ct. 57; Lewis's Est., 231 Pa. 60. The rule is restated in Rosengarten v. Ashton, 228 Pa. 389, where, under a like provision for life, with directions to divide and pay over, at a period fixed, to the remaindermen as a class, and the issue of such as are dead at the time of distribution, Chief Justice BROWN said: "The condition of participation in the distribution is, life at the time it is to be made. Living grandchildren and living issue of deceased grandchildren are to be the distributees. They constitute the exclusive class to which the testator declares his estate shall go."

The petition was dismissed. Maria D. Bennett, widow, et al., appealed.

*Error assigned* was above decree, quoting it.

*F. C. McGirr,* for appellant.

*James S. Crawford,* of *Patterson, Crawford, Miller & Arensberg,* for appellee.

PER CURIAM, May 9, 1921:

The decree appealed from is affirmed on the opinion of the court below; appellants to pay the costs.