## Edmunds Estate

Before Klein, P. J.; Bolger, Hunter, Lefever, Saylor and Shoyer, JJ.

*Frank W. Melvin* and *Grover C. Ladner*, for exceptants.

*John W. Dawson, Jr.,* and *Stanley L. Thornton*, contra.

HUNTER, J., December 12, 1952.—The question in this case is whether a gift in remainder to testator's "heirs", in the form of a direction to "pay and divide", shall be construed as vested in the heirs as of the date of testator's death, or as a contingent gift to heirs determined at the death of life tenant.

The will provides:

"All the rest, residue and remainder of my estate, real, personal and mixed, of whatsoever nature and wheresoever situate, I give, devise and bequeath unto my Executor hereinafter named, *in trust*, to hold the real estate and to rent the same, and to invest the personal estate, and to pay the net income thereof to and among my three children, Franklin D. Edmunds, Adeline E. Froriep and Anna Grace Edmunds, quarterly, for the term of their respective natural lives; and, upon the death of each of my said children, to convey, transfer, assign and pay over the principal of one-third of my residuary estate to my right heirs at law under the terms of the intestate law of Pennsylvania, absolutely, clear of trusts."

The share in question is that of Adeline H. Froriep, who died August 4, 1950, without issue. She married Charles Neeld subsequent to testator's death, and Neeld has later died. She left a will whereby she gave

her estate to a friend, John Shahedy, and an appeal from probate is pending.

Testator's wife, Anna H. Edmunds, predeceased him.

His heirs determined at the date of his death were his three children.

The heirs if determined at the death of Adeline E. Neeld, life tenant, are testator's living daughter, Anna Grace Edmunds, and the three children of a deceased son, Franklin D. Edmunds, namely, Henry R. Edmunds, 2nd; Adeline Welsh Edmunds and Anna Price Edmunds Paxson.

The auditing judge found that the "heirs" were those living at testator's death, including Adeline E. Neeld, deceased life tenant.

Testator died May 5, 1923, prior to December 31, 1923, the effective date of the Act of June 29, 1923, P. L. 914, 21 PS §11, now section 14(4) of the Wills Act of April 24, 1947, P. L. 89, 20 PS §180.14.

In the case of a testator dying before the Act of 1923, the principle is established that "heirs" are determined at testator's death, unless a contrary intent is plainly manifest in the will. It is immaterial that life tenant is one of the class who will take the remainder. Cases are numerous on both sides of this question, and extended citations are unnecessary. They may be found in support of the above principle in Buzby Appeal, 61 Pa. 111; Smith's Estate, 314 Pa. 437; Farmers Trust Company, Executor, v. Wilson et ux., 361 Pa. 43; Thompson Trust, 363 Pa. 85. A contrary intent was recognized in Hildebrant's Estate, 268 Pa. 132; Miller's Estate, 275 Pa. 30; Barnard Estate, 351 Pa. 313; Wilson Estate, 369 Pa. 583.

The chief reliance of exceptants is on Wilson Estate, supra, the latest decision of the Supreme Court on this subject. There the sole heir of testatrix was a daughter, to whom the will gave a life estate with

power to consume principal. Upon the daughter's death, the income was given to a grandson, the child of the daughter, for life, the will then providing: ". . . at his death the principal of my Estate so held in trust by my Executor or Trustee shall be divided equally among my next of kin under the Intestate laws of the State of Pennsylvania."

Mr. Justice Allen M. Stearne, who wrote the opinion of the court, quoted the well known "pay and divide" principle from Moore v. Smith, 9 Watts 403, as follows:

" '. . . where there is no separate and antecedent gift which is independent of the direction and time for payment, the legacy is contingent; and it seems to be as well founded in reason, as rules of interpretation usually are. Where a gift is only implied from a direction to pay, it is necessarily inseparable from the direction, and must partake of its quality; insomuch that if the one is future and contingent, so must the other be'."

In applying this principle, Justice Stearne said (p. 587):

"In the case now before us the language is free from all doubt that the remainder is *contingent*. The direction to divide was *in futuro;* there was no postponement for convenience or to let in other interests. Cf. Riverside Trust Company v. Twitchell, 342 Pa. 558, 20 A. 2d 768; Rickenbach Estate, supra (348 Pa. 121, 34 A. 2d 527). As the remainder was *contingent*, the next of kin as referred to in the will necessarily could only be ascertained at the termination of the last life estate."

There is no substantial difference between Wilson Estate and the instant case. It squarely decides that a gift to heirs in the form of a direction to pay and divide is contingent and shows an intention that heirs be determined at the death of life tenant.

It is argued that the power to consume principal given to the first life tenant in the Wilson will was an added indication of a contingent gift. In our opinion it would have been a better argument for a "separate and antecedent gift which is independent of the direction and time for payment," a vested and not a contingent gift. However, the power of consumption was not mentioned in the Wilson decision, and we doubt that it had any significance either way.

It should be noted that a limited gift of income is not considered a separate and antecedent gift: Rickenbach Estate, 348 Pa. 121.

Both sides in the present controversy comment on the following language of the Edmunds will with respect to the interest of testator's wife, Anna H. Edmunds, who died after the date of the will and before the death of testator:

"*Item.* I have in this will, made no provision for my wife beyond the devises and bequests above mentioned, because she is provided for in her own right, and this will is made with her knowledge and with her entire consent and approval."

Testator had devised and bequeathed to his wife two pieces of real estate and personal effects therein. She is not mentioned in the residuary trust.

We cannot in the above-quoted provision find an intention one way or another concerning the present controversy. Testator's wife, had she lived, would have been an "heir" under the Intestate Act of 1917, and the declaration in the will, "I have . . . made no provision for my wife" would probably have removed her from the class of heirs. She might have survived both of the suggested times of distribution, the death of testator and the death of life tenant, and the question in either case would have been the same: Was she excluded from the class of heirs? Her exclu-

sion has nothing to do with the *time* of determining heirs.

A similar comment may be made as to the spend-thrift clause in the Edmunds will. It frees principal and income, while held by the executor or trustee, from the debts, etc., "of the legatees, and of any one bene-ficially interested therein". It applies to all parties indiscriminately, including "heirs" who take in re-mainder. It does not fix the *time* of their determina-tion, and it operates whatever the time may be.

It would serve no useful purpose to again debate "the finely spun threads of difference" in the pay and divide cases (see Rickenbach Estate, 348 Pa. 121), or the cases which refer the determination of heirs to the date of testator's death.

The first-mentioned principle, that a gift in the form of a direction to pay and divide is contingent, is well recognized by the law of Pennsylvania, to be applied in proper cases: Hildebrant's Estate, 268 Pa. 132; Alburger's Estate (No. 2), 274 Pa. 15; Hood's Estate, 323 Pa. 253; Loving Estate, 159 Pa. Superior Ct. 339 (allocatur refused).

The second, determining heirs at testator's death, has been discarded as to future wills by the Act of 1923, hereinbefore recited.

In Laughlin's Estate, 336 Pa. 529 (536), speaking of the Act of 1923, Chief Justice Maxey said:

"This Act does not apply to the interpretation of the will now in controversy, whose maker died in 1919, but it is here referred to as a legislative establishment of a statutory presumption, and it is reasonable to believe that this presumption is 'a conclusion firmly based upon the generally known results of wide human experience'."

Similar reference to the Act of 1923 was made by President Judge Klein of this court in Wiltbank's

Estate, 47 D. & C. 209 (214). See also Hood's Estate, 323 Pa. 253 (260).

In our opinion the manifest intention of testator was that "heirs" be ascertained at the death of life tenant, and Wilson Estate, 369 Pa. 583, supra, is an exact precedent for this decision.

It is a satisfaction to know that under our decision the estate will go exclusively to descendants of testator, and that no part of it will pass out of the family to a stranger to the blood.

Exceptions 3 to 12 are sustained, and the adjudication, as modified, is confirmed absolutely.

Exceptions 1 and 2, which relate to the supposed interest of decedent's wife had she survived, are dismissed because immaterial in this decision.