## Massey's Estate.

*Wills—Construction—Accrued shares—Perpetually revolving trust.*

Testator created trusts for the respective lives of his two daughters, M. and H., with remainder, upon the death of a daughter without issue, to testator's other children, "the share coming to any daughter to be held by my Executors upon the trusts above mentioned." Testator had three children, the daughters above mentioned, and a son. Both daughters died without issue: *Held*, upon the death of the surviving daughter H., that her original share, and as well the share which had accrued to her upon the death of the daughter M., passed one-half to the son absolutely, and one-half to the daughter M.'s trust, not for any distribution to her, but for distribution to those named in remainder; and likewise, when distribution was there made, one-half must be returned to H.'s trust for the purpose of again complying with the terms of the will, and so on *ad infinitum*, a perpetually revolving trust, which gave the son one-half of what remainded each time the terms of the trusts were complied with, and as a mathematical proposition the whole.

Adjudication of second account of Philadelphia Trust Company, substituted trustee for Helen F. Massey. O. C. Phila. Co., Jan. T., 1892, No. 578.

*Eli Kirk Price*, for accountant and for Philadelphia Trust Company, executor of the will of Helen F. Massey, deceased.

*Thomas Stokes* (of *Henry, Pepper, Bodine & Stokes*), for Domestic and Foreign Missionary Society of the Protestant Episcopal Church in the United States of America, residuary legatee under the will of Helen F. Massey, deceased.

*John Blakeley*, for Harriet M. F. Massey, widow of Walter S. Massey.

*Charles S. Schofield*, for Commonwealth of Pennsylvania, claiming inheritance tax.

HENDERSON, J., July 11, 1921.—William Massey died Feb. 16, 1891, leaving a will, by the seventh clause of which he provided as follows:

"Subject to the above life estate of Income to my wife Fanny M. Massey, I do give, devise and bequeath one-third of all the residue and remainder of my estate, real and personal, unto my son Walter S. Massey, his heirs and assigns. The remaining two-thirds of my estate (subject to the said life estate of Income to my said wife) I give, devise and bequeath unto my Executors hereinafter mentioned and their heirs in Trust to pay the net

income thereof equally to my two daughters Margaret R. Massey and Helen F. Massey for their sole and separate use respectively for their respective lives, so that the same shall not be liable for their debts and contracts or for the debts or contracts of any husband that they may take, and from and after their respective decease upon the further trust to assign their respective shares of said residuary estate to and among their respective child or children or their issue for such share, interest or estate as my said respective daughters, whether married or single, may respectively by will or writing in the nature thereof direct, limit or appoint to and among their children, and in default of such appointment upon the further trust to assign and convey the shares of my said daughters respectively to their respective child or children equally. But if my said daughters shall die without leaving any child or children living at the time of their respective decease, or if leaving such then living, all should die during minority without leaving issue to survive them, then the share of such so respectively dying shall accrue to and belong to my other children mentioned in this my will and to the issue of any of them being then deceased, such issue to take equally the share their parent would have taken if living, the share coming to any daughter to be held by my Executors upon the trusts above mentioned. I do direct that my daughter Helen F. Massey and my son Walter S. Massey shall have the special care and personal charge of their sister Margaret R. Massey, and I direct my Executors to pay to them the Income of her share of my estate and their or either of their receipts therefor shall be a sufficient discharge for such payments from her trust estate."

The testator left to survive him a widow, Fanny M. Massey, and three children, Walter S. Massey, Margaret K. Massey and Helen F. Massey.

The widow elected to take against the will and died Dec. 20, 1903. Walter S. died May 29, 1909, leaving a widow, Harriet M. F. Massey, but no issue surviving him. By his will he gave his entire estate to his sister, Helen F. He married after the execution of his will and his widow claimed her statutory interest.

Margaret R. died July 13, 1910, intestate, unmarried and without issue, leaving Helen F., her sister, as her only next of kin.

Upon the adjudication of the trustee's account after the death of Margaret, one-half of the fund held in trust for her was awarded to the estate of Walter S., notwithstanding he had predeceased her. This award was confirmed by the court *in banc*, and affirmed by the Supreme Court, reported in Massey's Estate, 235 Pa. 289.

Helen F., the last of the children, died Feb. 15, 1921, without issue, and the account of her trust fund is now before me for distribution. The *corpus* consists of the original fund and one-half of the fund held in trust for Margaret. Who is entitled to this fund in remainder? The will directs, in the event of no issue surviving the daughters, "then the share . . . shall *accrue* to and belong to my other children mentioned in this my will and to the issue of any of them being then deceased, . . . the *share* coming to any daughter to be held by my executors upon the trusts above mentioned. . . ."

The first question which arises in interpreting this language is as to whether the accrued share passes as the original?

In 2 Jarman (6th ed.), 2115, I find the rule stated that the mere use of the word "share" does not carry the accruing share. There must be something further in the context before the accrued share may be sent down the same line as the original share. In the language now before me for construction I find that the testator directs that the "share of such so respectively dying

1 D. & C.

shall accrue" which is sufficient to add the accrued share to the original and dispose of it as the original share is disposed of.

To whom, then, is this estate to be awarded? Counsel for the executor of the will of Helen F. Massey argues that there is either an out-and-out gift of the accrued shares to the respective daughters or there is an intestacy.

The title to the accrued shares is certainly not in the daughters respectively, because the will directs that they shall be held subject to the trust. This contention might have succeeded if the gift had simply been "in trust," without defining it in the way in which it is defined in this will—"upon the trusts above mentioned."

Likewise, I cannot adopt the theory of intestacy, because there is undoubtedly a gift of half of this fund in remainder to Walter. The fund must pass to Margaret's estate, not for any distribution to her, as she is dead, but for distribution to those named in remainder; and likewise, when we have there made distribution, one-half must be returned to Helen's trust for the purpose of again complying with the terms of this will, under which Walter's estate will again take one-half, and so on *ad infinitum*. In other words, each time the terms of these trusts are complied with, it results in giving Walter (or rather Walter's estate) one-half of what remains.

In Atkinson *v.* Jones, 1 Johnson's Chancery Reps. 246, we have a trust very similar to the one now being interpreted, and therein Vice-Chancellor Wood said: "Treating it as a mathematical proposition, I find, upon this construction, a full moiety of the residue effectually given by each daughter; and, treating it simply as a practical question, the law would say that, if a moiety is given down to a farthing, it is given altogether."

I, therefore, conclude that the whole fund now before me for distribution must be awarded to Walter's estate, and as it has long since been settled, one-half, less collateral tax, will be awarded to Helen's estate and the remaining half to Harriet M. F. Massey, Walter's widow.

There was no objection to the account, which shows a balance of principal of $1,034,618.42, from which deduct cost of certified copy of adjudication, $3.50; balance $1,034,614.92, of which composed, as indicated in the account, one-half, less inheritance tax, is awarded to the Philadelphia Trust Company, executor of the will of Helen F. Massey, and one-half to Harriet M. F. Massey. . . .

And now, July 11, 1921, the account is confirmed *nisi*.

NOTE 1—Exceptions to this adjudication were filed, and subsequently withdrawn.
NOTE 2—Syllabus by the Court.