# Geissler, Jr., et al. *v.* The Reading Trust Company, Trustee, Etc., Appellant.

*Trusts and trustees—Testamentary trust—Rule against perpetuities—Equity.*

A devise of property in trust, the income of which is limited to the children of testator by name for life, and after their death to their children (grandchildren of testator) as a class, and after the death of the last of such grandchildren then the corpus to vest in testator's great-grandchildren, per capita, offends the rule against perpetuities, and is void and the heirs of testator may compel the trustee to convey the property to them absolutely.

Argued Feb. 27, 1917.    Appeal, No. 265, Jan. T., 1916, by defendant, from decree of C. P. Berks Co., Dec. T., 1915, No. 1159, in equity, for reconveyance, in case of Henry C. Geissler, Jr., Marie L. Geissler, Samuel K. Geissler, Helen M. Seidel, R. Frank Geissler, Rosa M. Berg, Emma Louisa Berg, and Sarah B. Kalbach v. The Reading Trust Company, Trustee under the last will and testament of Henry C. Geissler, late of the City of Reading, deceased, and Testamentary Guardian of Mary S. Geissler, Rosa M. Geissler, Emma Louisa Geissler, Alice M. Geissler, Henry C. Geissler, Robert Franklin Geissler, and Walter Kalbach.    Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER and FRAZER, JJ.    Affirmed.

Bill in equity by heirs to annul a testamentary trust.

Testator's will provided in part as follows:

[7.] "Item—I give, devise and bequeath to my three sons, Henry C. Geissler, Jr., Samuel K. Geissler and

Robert Franklin Geissler, the above-mentioned proper-ties contained in Purparts, Numbered 1 and 2 to wit: 727, 729 and 731 Penn Street and all buildings apper-taining thereto and 726 and 728 Court Street and 720 Court Street, Marble works and stable, all in the said City of Reading, said County and State, same to be held by them in common, to use, occupy and enjoy the rents, issues and profits thereof, as long as they shall live. The same shall not be sold so long as any one of the said sons shall live. Should the said sons agree to dissolve partnership now existing between them, all to discon-tinue the business now engaged in, to wit: The Tin and Stove Trade and Tile and Mantle Works—and all en-gage in some other line of trade, the said premises to be used by all—or, should they engage in different enter-prises, the said premises not used by any, then, the same shall be rented, and proceeds, after Taxes, Water rents and necessary repairs shall be paid, to be divided among the three sons, their heirs, share and share alike. After all the said three sons shall have died, then the said premises may be sold, if deemed advisable by my herein-after named Executor, a good and sufficient price secured therefor, the proceeds therefrom to be invested and the income thereof to be distributed to the children of my deceased sons, share and share alike, if of age and prop-erly behaved and conducting themselves well, if not— then the same to be expended in their keep and main-tenance—and, after all such grandchildren shall have died, then the principal sums so created shall be divided among all the children of my grandchildren, share and share alike, 'per capita' and not 'per stirpes'—The mort-gage, now a lien upon said premises, to be paid and lien discharged, if not already so discharged at my death, as soon after my death as can be done, provision to be so made by sale of such securities as may be necessary, good and fair price being received for same."

[8.] "Item—I give, devise and bequeath unto my daughter, Rosa M. Berg, widow of the late Edward C.

Berg, deceased, the two dwelling houses and lots or pieces of ground upon which the same are erected,. situate on North Fifth Street, beyond Buttonwood Street, Number 408 and 410 North Fifth Street, in said City of Reading, County and State aforesaid, which I have appraised at the sum of Five Thousand ($5,000) Dollars per dwelling, aggregating Ten Thousand ($10,000) Dollars, for and during the term of her natural life, she to enjoy the rents, issues and profits of the same, after all taxes and necessary repairs shall have been made, as long as she shall live. And I direct that additional Real Estate, free from all encumbrances, or First class mortgage security, or securities be provided for her, which, together with the above two dwellings valued at Ten Thousand ($10,000) Dollars, as above contained, shall aggregate the sum of Nineteen Thousand Three Hundred and sixty-one and ($19,361.08) 08/100 Dollars, same being an equivalent for what has been given to the three sons as above contained in Purparts Nos. 1 and 2, and the material, wares and equipment contained in the two branches of business, to wit: the Tin and Stove Trade and the Tile and Mantle Business, which I gave the said three sons, when I retired from business and installed my said sons into the said branch of business, August 1, 1908,—same to be invested and held in the name of my Estate, the income from the dwellings and that from the additional investment to be paid to her, for her sole and separate use as long as she shall live, said income to be paid to her, and to her alone, her receipt alone to be in payment of same, such income not to be subject to any bills or liabilities which may be contracted, nor be liable to attachment nor in any manner, menace nor liable for any debt or loss sustained by said daughter, Rosa M. Berg. After the death of my daughter, Rosa M. Berg, if in the judgment of my hereinafter named Executor, a good and sufficient price be secured for same, the Real Estate so set aside for her as above contained, or, that may be bought for her use and enjoyment, may be sold and the proceeds reinvested

in other good premises same continued in my Estate, or in good first Mortgage security or securities, in my Estate, the income whereof shall be distributed to my grandchildren, children of my said daughter, Rosa M. Berg, share and share alike, if of age and properly behaved and conducting themselves well, if not—then the same to be expended for such so misbehaving for their maintenance and keep. This extra provision extending to my grandchildren is made in consideration of the fact that my good deceased wife and I have always had the grandchildren around us, in our home, and are very warmly attached to them, and, hence this provision."

[9.] "Item—I direct that the additional sum of Two Thousand Five Hundred and fifty-five and 69/100 ($2,-555.69) Dollars be invested by my hereinafter named Executor, which sum together with the Real Estate hereinbefore disposed of, and the amount of Stock as per Inventory, given to the boys, when the two branches of business were transferred to them, August 1, 1908, to wit, 'Eight Thousand eighty-three and 23/100 ($8,-083.23) Dollars, with the additional amount to make the share of Rosa M. Berg equal to the share of one of my sons, will make a grand total of Eighty Thousand Dollars—the income of which said sum of Two Thousand five hundred and fifty-five and 69/100 dollars shall be divided into four equal shares and be paid to the said Henry C. Geissler, Jr., Samuel K. Geissler, and Robert Franklin Geissler and Rosa M. Berg, and to their children, the children of any deceased child or children, throughout this Testament, to take the share of such deceased parent, share and share alike.'

[10.] "Item—After the death of all my children and their children (my grandchildren), then I direct that the above-mentioned investments (Real Estate and Securities), aggregating the sum of Eighty Thousand ($80,-000) Dollars less the amount as contained in Inventory of stock, to wit: the sum of Eight Thousand eighty-three and 23/100 ($8,083.23) Dollars, or the sum of Seventy-

two Thousand Four hundred Sixteen and 77/100 ($72,-416.77) Dollars, together with whatever increase of principal, by reason of higher values received for real estate sold, as hereinbefore set aside to the uses of the sons and daughter, and whatever other increase of real estate and securities, together with interest which shall have accrued, shall be divided among all my great-grandchildren, grandchildren of my sons, Henry C. Geissler, Jr., Samuel K. Geissler, Robert Franklin Geissler, and my daughter, Rosa M. Berg, all share and share alike, same taking per capita and not per stirpes."

Other facts appear in the opinion of WAGNER, J., sur defendant's demurrer to plaintiff's bill:

The plaintiffs have filed a bill in equity wherein they set forth certain provisions in the will of Henry C. Geissler, deceased, and allege that the scheme of the trust attempted to be established by these provisions is repugnant to the rule against perpetuities, and void for remoteness. They therefore pray the court to enter a decree declaring said trust null and void, and directing the defendant to convey and quitclaim unto the plaintiffs the real and personal property comprising the said trust estate. To this bill defendant demurred.

Item 7 of the will gives to Henry C. Geissler, Jr., Samuel K. Geissler, and Robert Franklin Geissler, 727, 729, 731 Penn street, 726, 728 and 720 Court street, to be held by them in common, to use and enjoy the rents, etc., as long as they live, same not to be sold as long as any one of the sons shall live. It further directs that after the three sons shall have died then the premises may be sold by his executor if deemed advisable, the proceeds therefrom to be invested and the income thereof to be distributed to the children of his deceased sons, share and share alike, if of age and properly behaved and conducting themselves well, and after all such grandchildren shall have died, then the principal sum so created shall be divided among all the children of his grandchildren, share and share alike, per capita and not per stirpes.

Section 8 gives to Rosa M. Berg, his daughter and only other child, 408 and 410 North Fifth street, as long as she lives, and directs that additional real estate free from all encumbrances be provided for her, so that the aggregate value shall amount to $19,361.08, the income from the dwellings and additional investment to be paid to her as long as she shall live. After her death the real estate may be sold by the executor, and the proceeds invested in any other good premises or in first mortgage security or securities, the income to be distributed to his grandchildren, the children of his daughter, Rosa M. Berg, share and share alike.

Item 10 provides that after the death of all his children and their children (his grandchildren), then the above trust estate (real estate and securities), aggregating the sum of $72,416.77, together with increase of principal, shall be divided among all his great-grandchildren, grandchildren of his sons, Henry C. Geissler, Jr., Samuel K. Geissler, Robert Franklin Geissler, and his daughter, Rosa M. Berg, all share and share alike, same taking per capita and not per stirpes.

Perpetuities, as stated in City of Philadelphia v. Girard's Heirs, 45 Pa. 9, p. 26, are "grants of property, wherein the vesting of an estate or interest is unlawfully postponed." When then does the estate in or interest to the principal of this contemplated trust fund vest? That is, do his great grandchildren take a vested or a contingent interest? In Sternbergh's Est., 250 Pa. 167, p. 171, we have: "In Smith's Est., 226 Pa. 304, this court said (pp. 307, 308) : 'As Chief Justice TILGHMAN said in Patterson v. Hawthorne, 12 S. & R. 112 : "The rule is that where a legacy is given to a person to be paid at a future time, it vests immediately. But when it is not given until a certain future time, it does not vest until that time; and if the legatee dies before, it is lost" '......The statement of the rule by Chief Justice GIBSON, in Moore v. Smith, 9 Watts 403, has always been accepted; it is that (p. 408) : 'The legacy shall be deemed vested or con-

tingent just as the time shall appear to have been annexed to the gift or the payment of it.' " In the case at bar the time is manifestly annexed to the gift, not merely to its payment. If any of the members of the class die before the time fixed for distribution, they get nothing.

It will be noticed that in this will a life estate is first given to his children, mentioning them by name. After their death we again have a life estate to their children (granchildren of testator) as a class, the names of no particular individuals being designated. These are to take per capita. It is clear that the quantum of this life estate is measured by the number of grandchildren living at the time of death of the last of testator's children. Then, only after the last of these the grandchildren shall have died shall the trust estate then vest in the great-grandchildren of the testator, per capita. Here again the quantum of the principal of the trust estate to be eventually received by each of the great-grandchildren is determined by the number of great-grandchildren in being at the time of the death of the last grandchild. That is, the estate vests not presently in designated persons, but only after the death of the last grandchild of the testator, in his then great-grandchildren as a class per capita. We have here clearly a contingent and not a vested interest.

Is then this vesting unlawfully postponed? "The law allows the vesting of an estate or interest, or the power of alienation, to be postponed......for the period of lives in being, and twenty-one years and nine months thereafter, and all restraints upon the vesting that may suspend it beyond that period, are treated as perpetual restraints, and therefore as void, and consequently the estates or interests dependent on them are void": City of Philadelphia v. Girard's Heirs, p..26, supra.

By the terms of the will the principal will not vest in the great-grandchildren until after the death of all the grandchildren, whether now born or to be hereafter born. That is, in the natural course of events, for a period of

from fifty to eighty or more years after the period of lives in being.  This period is too remote, and offends the rule of perpetuities.  The antecedent estate thus falls, and the heirs at law of this testator are entitled to immediate possession: Johnston's Est., 185 Pa. 179; Gerber's Est., 196 Pa. 366; Kountz's Est. (No. 1), 213 Pa. 390; In re Kountz's Trust, 251 Pa. 582.

### FINDINGS OF LAW.

1. The interest of the great-grandchildren of Henry C. Geissler, the decedent, in the trust estate of $72,729.31, attempted to be created by the testator, Henry C. Geissler, in his will, is not a vested interest.

2. The devise of the principal of the property contained in the attempted trust is one wherein the vesting thereof is postponed for a longer period than the period of lives in being and twenty-one years and nine months thereafter, is void under the rule against perpetuities, and the plaintiffs, the heirs at law of Henry C. Geissler, deceased, are entitled to immediate possession of the said principal.

3. The plaintiffs are entitled to a decree declaring the aforesaid trust aggregating in value the sum of $72,-729.31 null and void, and that the Reading Trust Company, defendant, be directed to convey a quitclaim unto the plaintiffs, Henry C. Geissler, Jr., Samuel K. Geissler, Robert Franklin Geissler, and Rosa M. Berg, of the real estate and personal property described in the will as comprising the said trust estate.

4. The costs of the proceeding shall be paid by the defendant.

The court entered the following decree:

1. That the demurrer be and is hereby overruled.

2. That the devise of the beneficial estate or interests in the six several purparts of real estate mentioned and described in the third paragraph of the plaintiff's bill, contained in the seventh clause of the last will of Henry C. Geissler, deceased, the several purparts contained in

the eighth clause of said will and the direction to provide additional real estate in the same clause and the bequest of $2,555.69 in the ninth clause of said will, is wholly and entirely void and that to the extent of said beneficial estates and interests in said purparts of real estate and said sum of money the said Henry C. Geissler died intestate.

3. That the power of sale by the said will of the said Henry C. Geissler granted to the executor relating to the aforesaid several purparts, is invalid and void.

4. That the said defendant do make, execute, and deliver to the plaintiffs the heirs at law of the said Henry C. Geissler, deceased, proper and sufficient deeds, conveyances, and quitclaims as executor and trustee, conveying and quitclaiming to the said plaintiff the legal title to the said several purparts of real estate described and specified in the third paragraph of the plaintiff's bill.

Defendant appealed.

*Error assigned* was the decree of the court.

*Walter B. Craig,* for appellant.

*Jefferson Snyder,* of *Snyder, Zieber & Snyder,* with him *H. Robert Mays,* for appellees.

PER CURIAM, March 23, 1917:

The decree in this case is affirmed, at the costs of the appellant, on the opinion of the learned court below directing it to be entered.