# Price's Estate.

*Wills—Construction—Vested and contingent remainders.*

1. If the language employed by a testator in disposing of his estate is plain and clearly discloses his intention, the will interprets itself, and no rules of construction are necessary to aid in its interpretation.

2. Where a testator bequeaths a fund to trustees to pay the income to his daughter for life and "upon her decease leaving issue her surviving, the said income to be applied for the maintenance of such issue until such issue shall respectively reach the age of twenty-five years," then to distribute the principal to such issue as shall arrive at that age, the remainder in the children of the daughter is not vested, but is contingent on their surviving their mother.

3. In such case the contingency of survivorship is expressly attached to the class who are to take.

Argued January 17, 1924. Appeal, No. 70, Jan. T., 1924, by Mary Price Kemper, a daughter of testator, from decree of O. C. Phila. Co., Jan. T., 1896, No. 473, dismissing exceptions to adjudication, in estate of Thomas W. Price, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of GEST, J.
The opinion of the Supreme Court states the facts.
Exceptions dismissed in per curiam opinion: 2 D. & C. R. 279. Mary Price Kemper, a daughter of testator, appealed.

*Error assigned* was, inter alia, decree, quoting it.

*L. Scott Kemper,* of New York, for appellant.

*George Ross* and *Joseph L. McAleer,* with them *Thomas Ross,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, February 25, 1924:

Testator's will provides, among other things: "I give and bequeath to my executors hereinafter named, the sum of fifty thousand dollars in trust, to invest and keep the same invested in good interest paying securities, well secured first mortgages of real estate to be preferred, when obtainable, to collect and receive the interest and income therefrom and pay the same over to my daughter, Mary S. Claggett, in equal quarterly payments, during all the period of her natural life, for her own sole and separate use and behoof; and upon her decease, leaving issue her surviving, then the said income to be applied and paid for the maintenance of such issue until they shall respectively arrive at the age of twenty-five years, in equal quarterly payments, the payments to be made to said issue personally after they shall respectively arrive at the age of twenty-one years; and upon the further trust, as each of said issue shall arrive at the age of twenty-five years, to pay over to him or her a proportionate part or share of the said sum of fifty thousand dollars, such part or share to be ascertained by an equal division of the whole to and among the children of my said daughter, Mary S. Claggett."

Mary S. Claggett, named as life beneficiary, now Mary Price Kemper, appeals from the decision of the orphans' court which refused to award to her the principal of the fund created by the paragraph just quoted. Her contention briefly stated is that the interests in remainder of her two sons, who were her only children, and predeceased her, were vested at the time of their deaths and not contingent, that their interests passed to her, and as

she has reached the age of sixty-five years so that there is no likelihood of further issue, she is now the only party in interest and therefore entitled to the fund. The orphans' court held otherwise, that the interests of her sons were contingent on their surviving her, that she has but a life estate, and awarded the fund to the trustee, stating that it could not be determined who is entitled to the principal until death of the life tenant.

The express language of the will is "upon her [appellant's] decease, *leaving issue her surviving, then,*" etc. This language is plain and requires no rules of construction to interpret its meaning. "If the language employed by him [testator] in disposing of his estate is plain and clearly discloses his intention, the will interprets itself, and hence no rules of construction are necessary to aid in its interpretation": Leech's Est., 274 Pa. 369, 374. As was said by the learned auditing judge: "Rau's Estate, 254 Pa. 464, was relied upon, but in that case the remainder after the death of the testator's daughter was to all and every the child and children of my said daughter and the legal issue of any of them deceased, while here the remainder is, upon the decease of Mary P. Kemper leaving issue her surviving, then the income to be paid to such issue until they arrive at the age of twenty-five years, when the principal is to be paid to them. It would be very easy to prolong this adjudication by a review of the almost innumerable cases decided on the question of vested and contingent legacies, but it does not seem necessary to do more than refer to Mulliken v. Earnshaw, 209 Pa. 226; Raleigh's Est., 206 Pa. 451; Rudy's Est., 185 Pa. 359, and the more recent cases of Towne's Est., 260 Pa. 443; Evans's Est., 264 Pa. 357, and Bennett's Est., 270 Pa. 397." To which we may add what is said in Jarmon on Wills, 6th Amer. ed. (1910), vol. 2, p. 1354: "Where property is given to the children of A in the event of his leaving a child or children surviving him, and he has several children, some of whom die in his lifetime, and others survive him, the

interests of all the children become vested on his death, so that the representatives of the deceased children take their shares. *But, of course, the principle does not apply where the contingency of survivorship is expressly attached to the class who are to take."* The very feature which distinguishes this case from Rau's Estate is referred to by the present Chief Justice in Groninger's Est., 268 Pa. 184, 187 : "It will be noticed testator, after giving a life interest to his wife, provides that 'at her death' his estate shall 'be divided equally between [his] children, *if any living.*' He does not use the phrase 'then living' nor does he say his property shall go to such children as may 'then be living'; he employs no such expression." The words of the will unmistakably show that the testator intended only those children living at the time of the life tenant's (appellant's) decease to share in his beneficence. Since this is so, the gifts were clearly contingent.

The decree is affirmed at appellant's cost.