## Wheaton Coal Co. *v.* Harris et al. and Hummel, Trustee, Appellant, et al., Garnishees.

*Wills—Vested and contingent remainders—Right of possession—Defeat of estate by death.*

1. The test of determining if an interest is vested or contingent, is not the certainty or uncertainty of obtaining actual possession, nor the defeasibility or indefeasibility of the right of possession, inasmuch as an estate may be vested in interest though without present right of possession.

2. Where a legacy is made payable at a future time, certain to arrive, and not subject to conditions precedent, it is vested where there is a person in esse at the time of testator's death capable of taking when the time arrives, although his interest be liable to be defeated altogether by his own death.

3. Where a gift to a son is absolute after the death of testator's wife, subject only to the provision that in case he should die before the life tenant, his share shall fall into the residue, the gift is a present vested right to a future possession, and the fact that it was subject to be defeated by his death before the death of the life tenant, does not make the gift contingent.

4. Where a gift is to grandchildren living at the time of testator's death with remainder to the survivors in case any should die without issue before the death of a life tenant of the estate, or the issue of any who might die leaving issue, the gift is a vested estate in the grandchildren subject to be divested on the happening of the contingencies mentioned.

Argued December 3, 1926.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 312, Jan. T., 1926, by Walter R. Hummel, trustee under will of William H. Harris, deceased, garnishee, from order of C. P. No. 1, Phila. Co., June T.,

1925, No. 25, making absolute rule for judgment against garnishees on answers to interrogatories, in case of Wheaton Coal Co., to use of Payne Coal Co., Inc., v. George M. Harris et al., individually and trading as copartners, as George M. Harris & Sons and Walter R. Hummel, trustee, et al., garnishees. Affirmed.

Rule for judgment against garnishee Hummel, on answers to interrogatories. Before TAULANE, J.

The opinion of the Supreme Court states the case.

Rule absolute. Walter R. Hummel, trustee, appealed.

*Error assigned* was, inter alia, order, quoting record.

*Horace M. Rumsey,* for appellant.—The intention of the testator must dominate in determining whether the remainder interests are vested or contingent: Woelpper's Est., 126 Pa. 562; Rosengarten v. Ashton, 228 Pa. 389; Mulliken v. Earnshaw, 209 Pa. 226; O'Donnell's Est., 252 Pa. 45; Kirkpatrick's Est., 280 Pa. 306; Leech's Est., 274 Pa. 369.

The interests of the son and grandchildren are contingent remainders: Frasier v. Gas & Water Co., 249 Pa. 570; Dunwoodie v. Reed, 3 S. & R. 435; Rosengarten v. Ashton, 228 Pa. 389; Lewis's Est., 231 Pa. 60; Evans's Est., 264 Pa. 357; Bennett's Est., 270 Pa. 397; Adams' Est., 208 Pa. 500; Craige's App., 126 Pa. 223; Reilly's Est., 200 Pa. 288; Raleigh's Est., 206 Pa. 451; Price's Est., 279 Pa. 511; O'Donnell's Est., 252 Pa. 45; Grothe's Est., 237 Pa. 262; Fitzpatrick's Est., 233 Pa. 33.

Where there is no direct gift or devise, but an indirect gift or devise, implied from the direction to divide among a class, the remainder is contingent: Provencher's App., 67 Pa. 463; Safe Dep. & T. Co. v. Wood, 201 Pa. 420; Seibert's App., 13 Pa. 501; McClure's App., 72 Pa. 414; Reiff's App., 124 Pa. 145; Raleigh's Est., 206 Pa. 451; Adam's Est., 208 Pa. 500; Mulliken v. Earnshaw, 209

296 WHEATON COAL CO. *v.* HARRIS et al., Aplnts.

Pa. 226; Kountz's Est., 213 Pa. 390; Wood v. Schoen, 216 Pa. 425; McDaniel v. McDaniel, 219 Pa. 371; Roney's Est., 227 Pa. 127; Rosengarten v. Ashton, 228 Pa. 389.

*Sidney E. Smith,* for appellee.—The interest of George M. Harris is a vested one, subject to divestiture if he dies before the life tenant: Kountz's Est., 213 Pa. 390; Groninger's Est., 268 Pa. 184; McCauley's Est., 257 Pa. 377; Neel's Est., 252 Pa. 394; Carstensen's Est., 196 Pa. 325.

The interests of George M. Harris, Jr., and W. Leon Harris, grandchildren of testator, are vested absolutely, or vested subject to being divested by their death before the life tenant: Eckert v. Trust Co., 212 Pa. 372; Middleton's Est., 212 Pa. 119; McClure's App., 72 Pa. 414.

In the construction of wills, the law leans in favor of a vested rather than a contingent estate: Smith's App., 23 Pa. 9; Fitzwater's App., 94 Pa. 141; Ryon's App., 124 Pa. 528; Jackson's Est., 179 Pa. 77; Jenning's Est., 266 Pa. 60; Neel's Est., 252 Pa. 394; Groninger's Est., 268 Pa. 184; Tyson's Est., 191 Pa. 218.

OPINION BY MR. JUSTICE FRAZER, January 3, 1927:

William H. Harris died in 1911, leaving a will in which he gave his residuary estate in trust for his wife for life, the net income to be paid her quarterly, and directed that on her death the property "shall be divided into as many shares as there shall be grandchildren living at the time of my death, in addition to my said son, (so that my said son: George M. Harris, shall take the same share therein as each of my said grandchildren), and thereupon I give, devise and bequeath said share of my estate to the said George M. Harris and his heirs absolutely and in fee simple, and if the said George M. Harris shall predecease my said wife, then his said share shall lapse and shall become part of my residuary estate." He followed the foregoing provision by directing

his trustee to pay the net income from the balance of his residuary estate to such children of his son George "who shall be living at the time of my death......and upon the death of any of said grandchild prior to the beginning of said trust for said grandchildren, or subsequent thereto," its share should be divided among the surviving grandchildren.  He then provided: "I further direct that my said grandchildren living at the time of my death shall be entitled to the principal of said trust, in equal shares, payable as follows: when each of my said grandchildren shall arrive at the age of twenty-one years, my said executor and trustee shall transfer to him or her one equal share of the principal of said trust which shall vest in her or him absolutely and in fee simple, and if any said grandchild shall die, subsequent to my death or during the continuance of said trust, leaving issue, then said issue shall take the share which the parent would have taken if living and if he die without issue, then the said share shall vest in the said surviving grandchildren."  Testator left to survive him a widow, who took under the will, and is still living, his son George M. Harris, and three grandchildren, two of whom at present are of age, and one a minor.

The son and his two adult sons while engaged in business together became indebted to plaintiff who to secure payment of that indebtedness issued a writ of foreign attachment against their interests under the will of William H. Harris, having first obtained judgment against defendants, and summoned the trustee, appellant, and others, as garnishees.  The validity of the attachment is now questioned, and whether it is or is not valid depends upon the nature of the interests of the son and grandchildren in the estate of William H. Harris, are they vested or contingent?  The court below held them vested and subject to attachment but withheld execution during the life of the widow.  The trustee appealed.

It is a well-settled rule, repeated in numerous cases (see Kountz's Est., 213 Pa. 390, 397), that the test in

determining if an interest is vested or contingent, is not the certainty or uncertainty of obtaining actual possession, nor the defeasibility or indefeasibility of the right of possession, inasmuch as estates may be vested in interest though without present right of possession. So long as a present right exists to a future possession the estate is vested, even though actual possession may be defeated by a future event. In Walker's Est., 277 Pa. 444, 448, quoting from Fearne on Contingent Remainders, and following earlier decisions of this court, we said, " 'Wherever there is a particular estate, the determination of which does not depend on any uncertain event, and a remainder is thereon absolutely limited to a person in esse and ascertained, although the nature and duration of the estate limited in the remainder may be such that it may not endure beyond the particular estate, and may therefore never take effect or vest in possession, it is not a contingent, but a vested remainder.' " In McCauley's Est., 257 Pa. 377, 381, we stated the rule to be that "Where a legacy is made payable at a future time, certain to arrive, and not subject to condition precedent, it is vested where there is a person in esse at the time of the testator's death capable of taking when the time arrives, although his interest be liable to be defeated altogether by his own death." For additional refences bearing on this question, see the cases cited in the foregoing opinions.

The gift to George M. Harris, the son, is absolute after the termination of the life estate in testator's wife, subject only to the provision that in case he should die before the life tenant, his share shall become an additional part of the residue devised to the grandchildren. This was clearly a present vested right to a future possession, and the fact that it was subject to be defeated by his death, before the death of the life tenant, did not make the gift contingent. There was a present capacity to take possession, if the possession should become vacant, and the right of enjoyment vested immedi-

ately, subject only to be divested on the happening of the event indicated.

The same principles apply to the rights of the children of George M. Harris. Testator provided that the grandchildren "living at the time of my death shall be entitled to the principal of said trust, in equal shares," payable as each should arrive at the age of twenty-one, and directed his trustee to pay the net income to those who should be living at the time of his death, with a provision that if any should die before the beginning of the trust, or if any should die subsequent thereto between the beginning of the life tenancy and the termination of the trust, that is, when the children should respectively arrive at the age of twenty-one, in that event the income should go to the survivors. A similar provision directs that the share of any who might die during the trust leaving issue, should pass to such issue, or, if no issue, to the survivors. The gift in effect is to the grandchildren living at the time of testator's death, with remainder to the survivors in case any should die without issue before the time of distribution, i. e., the death of the widow, or the issue of any who might die leaving issue. This clearly constituted a vested estate, subject to be divested on the happening of the contingencies mentioned.

The court below held the interest of the son and grandsons to be vested, sustained the attachment as valid, and directed that judgment be "entered in favor of the plaintiff and against the garnishee, Walter R. Hummel, trustee under the will of William H. Harris, but not individually or personally, in the sum of $11,-476.90, with costs and interest from December 10, 1925, provided so much shall eventually be found in the hands of the garnishee and due the defendants as their shares or interests under the will of William H. Harris, deceased, upon the death of Lillie H. Harris, the widow, or any other event, subject, however, as to the share or interest of George H. Harris to his assignment to the

Burlington County Safe Deposit and Trust Company." And further ordered that "plaintiff shall pay to the garnishee within ten days a counsel fee of $75, with leave to the garnishee to ask for an additional counsel fee should it hereafter appear that he has funds in his hands applicable to the payment, in whole or in part, of the judgment herein entered."

The judgment is affirmed.