## Stuhlmann's Estate.

*Wills—Construction—Survivorship—Vested and contingent interests.*
Where a testator leaves his residuary estate in trust to pay an annuity to his wife for the term of her natural life or so long as she shall remain unmarried, for her maintenance and support and the support of his minor children, and directs that the *corpus* shall be distributed at the death or remarriage of the widow "to my children living at such time and the children of such as have died since my death, in equal shares, the children of such deceased children taking its or their parent's share," the gift to the children is contingent upon their surviving the widow's death or remarriage, and until that event, the trust cannot be terminated in so much of the estate as may not be required for the protection of the widow's interest, although the youngest child has attained twenty-one.

Exceptions to adjudication. O. C. Phila. Co., Jan. T., 1912, No. 491.

The facts appear from the following extract from the adjudication of

HENDERSON, J.—The trust in this estate arose under the will of Paul L. Stuhlmann, who died Feb. 11, 1912, by the fourth item of which he gave the residue of his estate to his executors in trust to pay out of the net income thereof $1600 annually to his wife, Rachel Wagner Stuhlmann, for and during the term of her natural life, or so long as she should remain unmarried, for

her maintenance and support and the support of his minor children, and then provided as follows:

"And retain the unexpended balance of said income as received and divide the same into seven equal parts and hold each of said parts for the use of my said wife, so long as she remains my widow, and each of my six children, George, Ruth, Rachel, Ida, Pauline and Paul, but I direct my executors not to pay over or distribute the same to those entitled for at least fourteen years after my decease, provided, however, that in case my wife should die before that time or remarry, or any of my said children should die before that time without leaving issue, the share of my said wife as well as the share of any child or children so dying without leaving issue shall be divided among the survivors of my said children, and in case of the death of any child leaving issue, the parent's share is to be paid to such issue, it being my will, however, that my said children and wife are to have no vested interest in said unexpended income until the date for distribution thereof as above directed has arrived, and that my executors are to have absolute control of said balance of unexpended income until that time, and are not to be interfered with by any one or any court, in order to carry out the necessary things to be done to so manage my estate, including the collection of the income and retention thereof, so as to at all times permit the carrying out of the foregoing provisions. And upon the death of my said wife, Rachel Wagner Stuhlmann, still my widow and unmarried, or upon her remarriage, I order and direct my executors or the survivors of them to sell at public or private sale all my real and personal estate and reduce the same to money and to distribute the net proceeds thereof, together with cash in bank not otherwise disposed of, to my children living at such time and the children of such as have died since my death, in equal shares, the children of such deceased children taking its or their parent's share only; provided that my executors are not to sell any of my real and personal estate except as herein excepted by express direction to sell, until the youngest surviving child of my children surviving me shall become twenty-one years of age; and in case of the death or remarriage of my wife Rachel Wagner Stuhlmann before that time, final distribution of my estate is to wait until my said youngest surviving child shall become twenty-one years of age, as above provided."

Rachel Wagner Stuhlmann, testator's widow, is living and has not remarried.

All of testator's children, George Stuhlmann, Ruth S. Percy, Rachel Zeller, Ida Lukens, Pauline Nugent and Paul Stuhlmann, are living.

The youngest child being now of full age, Mr. Ross, on behalf of five of the children, asks that the trust be terminated, and that distribution be made of so much of the estate as may not be required for the protection of the widow's interest, on the ground that the shares of the children vested in them at the death of the testator.

The will provides that distribution of the *corpus* of the estate shall be made at the death or remarriage of the widow "to my children living at such time and the children of such as have died since my death, in equal shares, the children of such deceased children taking its or their parent's share."

The rule which governs this case is quoted in Mulliken v. Earnshaw, 209 Pa. 226, as follows: "Where real or personal estate is devised or bequeathed to such children, or to such child or individuals as shall attain a given age, or the children who shall sustain a certain character or do a particular act, or be living at a certain time, without any distinct gift to the whole class preceding such restrictive description, so that the uncertain event forms part

of the description of the devisee or legatee, the interest so devised is necessarily contingent on account of the person. For until the age is attained, the character is sustained, or the act is performed, the person is unascertained; there is no person answering the description of the person who is to take as devisee or legatee."

Applying this rule to the language of the present will, it cannot be said that the children who demand the termination of the trust are the persons who will ultimately share in the distribution. They are required to be "living" at the death or remarriage of the widow, and, if then deceased, their shares pass to their children, a class which cannot be determined until the termination of the trust.

The earlier Pennsylvania cases, as reviewed in Rudy's Estate, 185 Pa. 359, were not harmonious on this question, but it is now well settled that where persons must be living at a certain time in order to take an estate, the gift is contingent: See Long's Estate, 225 Pa. 39, and Lewis's Estate, 231 Pa. 60.

The request that the trust be terminated is refused.

The children excepted to the adjudication.

*George Ross*, for exceptants; *Charles C. Gartling*, contra.

GEST, J., Dec. 24, 1926.—The Auditing Judge was so clearly right in his adjudication that little need be added to it. Price's Estate, 279 Pa. 511, is cited by the learned counsel for the exceptants to show that their interests are vested, and there is quoted from the opinion of the Supreme Court the following (taken from Jarman on Wills) : "Where property is given to the children of A in the event of his leaving a child or children surviving him, and he has several children, some of whom die in his lifetime and others survive him, the interests of all the children vested on his death," but the Supreme Court added, to the above, Jarman's important qualification, which the court italicized, *"But of course the principle does not apply when the contingency of survivorship is expressly attached to the class who are to take."* This was the case in Price's Estate and is the case here.

The exceptions are dismissed and the adjudication confirmed absolutely.

Thompson, J., did not sit.