ESTATE OF GERTRUDE BUCKNELL DAY, FIDELITY-PHILADELPHIA TRUST COMPANY AND SAMUEL PRICE WETHERILL, TRUSTEES AND TRANSFEREES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ESTATE OF GERTRUDE BUCKNELL DAY, SAMUEL PRICE WETHERILL, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 100644, 100645. Promulgated May 16, 1941.

*Martin V. Bergen, Esq.*, for the petitioners.
*Eugene G. Smith, Esq.*, for the respondent.

#### OPINION.

SMITH: These proceedings, which were consolidated for hearing, involve estate tax liability of the estate of Gertrude Bucknell Day, who died a resident of Summerville, South Carolina, September 5, 1936. A deficiency notice was sent to the petitioner in Docket No. 100645 as executor of the estate under date of August 22, 1939, deter-

mining a deficiency in estate tax of $8,448.14. On the same date a further notice was sent to the petitioners in Docket No. 100644 asserting against them as "Trustees and Transferees" a tax liability of $69,246.04, including the amount reported in the estate tax return filed on behalf of the estate, $60,797.90, and the deficiency of $8,448.14.

The principal question in issue in both proceedings is whether there should be included in decedent's gross estate the value of certain property with respect to which she exercised in her will a general power of appointment conferred upon her by her father's will. A further question is raised in Docket No. 100644 as to the liability of those petitioners for any tax due from the decedent's estate as trustees or transferees. The facts are stipulated.

Under the will of her father, William Bucknell, who died a resident of Philadelphia, Pennsylvania, on March 5, 1890, the decedent was left a life estate in a certain portion of his residuary trust estate, with a general power of appointment over the remainder of such portion. The material provisions of William Bucknell's will read as follows:

4th. * * * From and after the death of my said wife, I order and direct my said trustees to pay the said net income arising out of the said one-third of my residuary estate, in quarterly payments, in equal shares, to my said children by my said wife Emma W. Bucknell, born and to [be] born, the children of a deceased child to take their parent's share, for and during all the term of their respective natural lives, so, however, that the same shall not be liable, in the hands of my said trustees, to the debts, contracts or engagements of my said children or any of them respectively, nor to pledge, assignments or anticipation thereof by them or either of them. And from and after the death of the said children respectively to pay, assign and convey the principal share of the one so dying, to such persons, and for such estates, as he or she may, by his or her last will, direct, limit and appoint, and in default of such last will, then to pay, assign and convey the said principal share of the one so dying to his or her children in equal shares, the children of a deceased child to take their parent's share, and if he or she shall leave no children, nor the children of a deceased child him or her surviving, then to pay, assign and convey the principal share of the one so dying, to such persons, for such estates, as would take the same from him or her under the intestate laws of Pennsylvania, had he or she died seised and possessed of an absolute estate in said principal share.

The will of William Bucknell was duly admitted to probate in Philadelphia County, Pennsylvania.

The decedent died a resident of Summerville, South Carolina, September 5, 1936, survived by her husband, J. Gould Day, and a son, Charles Hollister Judd, Jr. She left a will in which she specifically exercised the power of appointment conferred upon her by her father's will, directing that such property, together with all the residue of her own estate, be conveyed to named trustees to pay from the income thereof $3,000 per year to her husband for life and to pay

the balance of such income to her son for life. After her husband's death all of the income was to be paid to her son for life and upon his death one-third of such income was to be paid conditionally to the son's surviving widow, if any, for life. Upon the death of decedent's son the remainder of the trust property was to be distributed to her son's issue, per stirpes, or, upon failure of such issue, to decedent's nephews and nieces. The material provisions of decedent's will read as follows:

FOURTH. Under the will of my father, William Bucknell, recorded in the Register of Wills' Office at Philadelphia, Pennsylvania, in Will Book No. 151, page 171, and codicils thereto, I am given certain powers of appointment, by will, as to a share in his estate. I hereby exercise such power and in performance thereof, I do order, direct, give, grant, bequeath and devise all the assets, property and share over which I have such power under said will and codicils, together with all the rest, residue and remainder of the property, real, personal or mixed, of which I may die seized or possessed, to my Trustees hereinafter named In Trust Nevertheless, as follows:

(1) Of the income arising from same to pay to my husband, J. Gould Day, the sum of Three Thousand Dollars ($3,000.00) per year, during the term of his natural life.

(2) To pay all the balance of the income arising from same, and after the death of my said husband, to pay all of the income arising from same, to my son, Charles Hollister Judd, Jr., during the term of his natural life.

(3) After the death of my said son, Charles Hollister Judd, Jr., if he shall leave a widow surviving him, then I direct that one-third of the income which would have been payable to my said son if he had been living, shall be paid to his widow during the term of her natural life and as long as she shall remain his widow. If said widow of my said son shall have been in being at the time of my death then she shall receive said income during the balance of her life provided she does not re-marry. If she shall not ·be in being at the time of my death then she shall receive said income during the life of the survivor of my said husband, J. Gould Day, or of my said son, Charles Hollister Judd, Jr., and of any child of my said son who was living at the time of my death and twenty-one years thereafter or twenty-one years after my death, and during the remainder of her life and until she shall re-marry. Under any conditions she shall cease to receive any income from my estate if and when she shall re-marry.

(4) On the death of my said son, Charles Hollister Judd, Jr., the principal of the Trust shall be distributed, my Trustees retaining, however, sufficient to pay the respective amounts of income ordered to be paid to my husband, if he shall survive my son, and to the widow of my said son, if he shall leave a widow, which amounts of principal retained shall be distributed respectively when my said husband shall die or when the widow of my said son shall die or re-marry. Said principal shall be distributed as follows:

(5) If my said son shall leave issue surviving him, then to the issue, per stirpes, and not per capita, children taking the share of their deceased parents. If he shall not leave any issue surviving him, then the principal shall be distributed to my nephews and nieces, children of my brother, Howard, and of my sisters, Margaret and Edith, and their issue who survive my said son, per stirpes and not per capita, children taking the share of their deceased parents.

(6) If my said husband and my son's widow shall survive my said son, then on the death of my said husband the amount retained as his share shall increase

proportionately the amount retained to pay the income of one-third of the trust to the widow of my said son, as hereinbefore specified.

Samuel Price Wetherill, decedent's brother-in-law, and the Fidelity-Philadelphia Trust Co., of Philadelphia, petitioners herein, were named executors and testamentary trustees in decedent's will.

The will was duly admitted to probate in Dorchester County, South Carolina, and letters testamentary were issued to Samuel Price Wetherill. Ancillary letters testamentary were issued by the Register of Wills of Philadelphia County, Pennsylvania, to Samuel Price Wetherill, who is a resident of Pennsylvania, and the Fidelity-Philadelphia Trust Co. The Fidelity-Philadelphia Trust Co. is now also the trustee under the will of decedent's father, William Bucknell.

Pursuant to decree of the Orphans' Court of Philadelphia County, Pennsylvania, dated February 23, 1937, the trustee of the William Bucknell trust estate transferred the assets of the trust to the petitioners as trustees under decedent's will. As such trustees the petitioners have never received any other properties or interests.

The estate of Gertrude Bucknell Day was insolvent at the date of her death and is still insolvent.

The value at the date of decedent's death of the property in respect of which she exercised a general power of appointment in her will was $452,412.80. This property is now held by the petitioners as trustees under decedent's will within the Commonwealth of Pennsylvania and has a value in excess of the tax liabilities involved herein, plus accrued interest.

At the date of decedent's death her husband, J. Gould Day, was 54 years of age (date of birth June 2, 1882). Her son, Charles Hollister Judd, Jr., was 28 years of age (date of birth December 5, 1908). He was unmarried at the date of decedent's death, but has since married. His wife was born July 3, 1917. He has no children.

The decedent was survived by a brother, Howard Bucknell, and two sisters, Margaret B. Pecorini and Edith Bucknell Wetherill, all of whom are still living. Howard Bucknell has three living children (two have died), all of whom have two or more living children. Margaret B. Pecorini has one living child. Edith Bucknell Wetherill has three living children (one has died) and seven grandchildren.

As executor of decedent's estate, Samuel Price Wetherill filed an estate tax return with the collector at Columbia, South Carolina, which showed a gross estate of $468,926.27, a net taxable estate of $351,504.52, and a tax liability of $60,797.90. The tax shown to be due on the return was assessed in December 1937.

Under date of August 22, 1939, the Commissioner sent a deficiency notice to the executor, Samuel Price Wetherill, Philadelphia, Pennsylvania, determining a deficiency in estate tax of $8,448.14, which resulted from the disallowance of a credit claimed in the return for

that amount of state inheritance taxes, which, it was stated, were not shown to have been paid. Also, under date of August 22, 1939, the Commissioner sent a deficiency notice to "Fidelity-Philadelphia Trust Company and Samuel Price Wetherill, Trustees and Transferees of the Estate of Gertrude Bucknell Day", determining against them, as such trustees and transferees, a tax liability of $69,246.04, plus interest.

It is alleged in the petitions in both proceedings that the Commissioner erred in including in decedent's gross estate any part of the corpus of the testamentary trust created by the will of William Bucknell over which the decedent exercised or attempted to exercise the power of appointment, except the value of the life estate appointed to J. Gould Day, which the petitioners concede should be included in the gross estate. The petitioners in Docket No. 100644 allege further that the Commissioner erred in holding them liable for any taxes due from the decedent's estate, either as trustees under decedent's will or as transferees of the assets of the decedent's estate.

Section 302 (f) of the Revenue Act of 1926 provides for the inclusion in the gross estate:

* * * of any property passing under a general power of appointment, exercised by the decedent (1) by will, or (2) by deed executed in contemplation of, or intended to take effect in possession or enjoyment at or after, his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth; * * *

Petitioners contend, first, that the life estate which the decedent appointed to her son, Charles Hollister Judd, Jr., in the property held in trust under her father's will did not pass to him under such power of appointment; that, under the will of the decedent's father, her son, Charles Hollister Judd, Jr., had a vested remainder interest in fee in the entire property, after termination of decedent's life estate, which the decedent by the exercise of her power of appointment reduced to a life estate. They contend that under the law of Pennsylvania, which follows the general rule, and which admittedly applies in this case, the life estate passed to the appointee under the will of the donor of the power and not under the power of appointment.

Among the cases relied upon by the petitioners are *Rothensies* v. *Fidelity-Philadelphia Trust Co.* (C. C. A., 3d Cir.), 112 Fed. (2d) 758, and *Legg* v. *Commissioner* (C. C. A., 4th Cir.), 114 Fed. (2d) 760. The first named case involved the estate tax liability of a half sister of Gertrude Bucknell Day. One of the questions in issue was whether there should be included in the gross estate the value of a portion of the same testamentary trust estate of William Bucknell. There, as in the instant case, the decedent, in her will, appointed to her children a life estate in the property which the donor had

bequeathed to them in default of the exercise of the power by the donee. The court held, following *Helvering* v. *Grinnell*, 294 U. S. 153, that under the laws of Pennsylvania the life estate passed to the children under the will of the donor, William Bucknell, and not under the power of appointment; that, since the children had a vested remainder interest in the whole of the property under the donor's will, the appointment to them of a life interest by the donee served merely to reduce the extent of their already existing estates. To the same effect is *Legg* v. *Commissioner, supra.* In *Rothensies* v. *Fidelity-Philadelphia Trust Co., supra,* the court was of the opinion that the conclusion reached was required under the decision of the Supreme Court in *Helvering* v. *Grinnell, supra,* even though the appointees had not rejected the donee's bequest and elected to take under the donor's will. Cf. *Lee* v. *Commissioner*, 57 Fed. (2d) 399, and *Wear* v. *Commissioner*, 65 Fed. (2d) 665.

There can be no doubt but that under the decisions in *Helvering* v. *Grinnell, supra, Rothensies* v. *Fidelity-Philadelphia Trust Co., supra,* and *Legg* v. *Commissioner, supra,* the value of the life estate in the William Bucknell trust property which the decedent appointed to her son passed to him under the will of the donor of the power and not by reason of the exercise of the power by the donee, and is therefore not includable in the decedent's gross estate.

The petitioners further contend that the decedent's appointment of the remainder of such trust property to her son's issue, or, in default of such issue, to her nephews and nieces, was void as being in violation of the rule against perpetuities and that such remainder therefore is not to be included in decedent's gross estate as passing under the power of appointment.

The law of the Commonwealth of Pennsylvania governing the vesting of estates follows the general rule and limits the period for the commencement of executory devises to "a life or lives in being and twenty-one years, allowing for the period of gestation." *In re Warren's Estate*, 320 Pa. 112; 182 Atl. 396 (1936). In the case cited the court pointed out that, while ordinarily if under the will of the testator creating the trust an interest could possibly arise after the expiration of the period fixed by the rule the devise is void, a distinction is made where the interest is created by the donee of a power of appointment. Explaining the effect of this distinction the court said:

Contradistinguished from the case of the creation of a future interest in the original will or deed is when such interest is created by the donee of a power. While the remoteness of the appointed estate is still measured from the time of the creation of the power (*Lawrence's Estate*, 136 Pa. 354, 20 A. 521, 11 L. R. A. 85, 20 Am. St. Rep. 925), it is the fact and not the possibility which rules. If the appointment as actually made does not violate the rule, such

appointment is not rendered void merely because the appointee might have appointed in a manner too remote. It is well settled that the exercise of a power of appointment is not rendered void because of the fact that within its terms an estate might be created which possibly would be too remote. The determination of the validity of the appointment in such cases depends upon the facts as they actually exist at the time the appointment is made and not possibilities. * * *

With the exception noted, "the instrument exercising the power of appointment must be read as though it were a part of the instrument creating the power", to determine the effect of the rule against perpetuities. *Legg* v. *Commissioner*, *supra*, affirming on this point 40 B. T. A. 1074. Applying these tests, were the remainder interests in the William Bucknell trust estate which the decedent in her will appointed to her son's surviving issue, or, upon failure of such issue, to her nephews and nieces surviving her son, void as in violation of the rule? We think that they were. Decedent's son was not in being at the time of the death of the donor of the power. At the time of decedent's death the son was 28 years of age, was unmarried, and had no issue. Therefore, under the appointment which the decedent made, the vesting of the remainder interest might be postponed beyond any life in being and 21 years. The period during which issue might be born to the son extended well beyond the 21-year period from the date of decedent's death.

In *Legg* v. *Commissioner*, *supra*, it will be noted, the life tenant under the donee's will was in being at the date of death of the donor. This distinction is important and in itself requires a different result in the instant case. See *In re Boyd's Estate*, 199 Pa. 487; 49 Atl. 297; *In re Warren's Estate*, *supra*. See also *Minot* v. *Paine*, 230 Mass. 514; 120 N. E. 167.

The respondent makes the argument that, since at the date of decedent's death the son had no issue in whom the remainder interest in the appointed property could vest, such interest vested in decedent's nephews and nieces then living, subject to divestment upon issue being born to the son. Thus, it is argued the remainder interest was validly appointed and was properly included in the decedent's gross estate.

This argument would be sound if the remainder interest vested in decedent's living nephews and nieces upon her death. For the rule against perpetuities applies only to future contingent estates and not to vested estates. *In re Lockhart's Estate*, 306 Pa. 394; 159 Atl. 874; *In re Friday's Estate*, 313 Pa. 328; 170 Atl. 123; *In re Wanamaker's Estate*, 335 Pa. 241; 6 Atl. (2d) 852.

The appointment of the remainder interest in question, upon termination of the son's life estate, was to his issue and upon failure of such issue to "my nephews and nieces, * * * and their issue who

survive my said son." In *In re Hogg's Estate*, 329 Pa. 163; 196 Atl. 503, it was said that:

\* \* \* The rule is well established, however, that where there is a bequest to a class its members are determined as of the time appointed for distribution, and it is of no consequence that the testator, at the time of the execution of his will, may not have had in mind the individuals who might eventually come to compose such class. \* \* \*

*In re Feeney's Estate*, 293 Pa. 273; 142 Atl. 284, involved the construction of a will in which the testator left a portion of his estate in trust, the income to be paid to his son, William, for life and then to his son's children for life "living at the time of his [the son's] death" with remainders over. It was held in an exhaustive opinion that the remainder estates as well as the intermediate life estates to the son's children "living at the time of his death" were violative of the rule against perpetuities and invalid. The court there said:

\* \* \* For instance, it may be contended that, since two children of William were living when the will took effect, the second life tenancies then vested in them, subject to be divested pro tanto by the birth of other children of William, and subject further to be divested by the death of either one or both of the present children before that of their father, the first life tenant (*Wheaton Coal Co.* v. *Harris*, 288 Pa. 294, 135 A. 637); \* \* \* Here, however, neither the intermediate life estates nor the ultimate remainders are vested, and although the former will vest within the required period, the latter may not.

\* \* \* Besides, this controversy does not present a situation like that in *Wheaton Coal Co.* v. *Harris*, and other such cases, which hold that, where a legacy is made payable at a future time certain to come and is not subject to a condition precedent, it is vested if there be an ascertained person in esse at testator's death, capable of taking when the time of enjoyment arrives, although his interest may be defeated altogether by his own death before that time. This principle does not apply where, as here, none of the remaindermen are ascertainable until the termination of the preceding particular estates.

We have repeatedly held that, where persons who are to take under a will must be living at a certain future day and those who answer to the description cannot be determined until that time arrives, the gift is contingent. *Price's Estate*, 279 Pa. 511, 124 A. 179; *Raleigh's Estate*, 206 Pa. 451, 55 A. 1119; *Coggin's Appeal*, 124 Pa. 10, 16 A. 579, 10 Am. St. Rep. 565; and see Gray on Rule against Perpetuities (3d Ed.) 86. Thus, under the terms of this will, the second life tenancies, or intermediate remainders, are contingent, for, until the death of the first life tenant, the identity of the members of that particular class of remaindermen, the son's children living at the son's death, cannot be ascertained; the two children now living may die before their father, and the latter may have other children born to him. Again, "where a gift is only implied from a direction to pay, it is necessarily inseparable from the direction, and must partake of its quality; insomuch that if the one is future and contingent, so must the other be." *Moore* v. *Smith*, 9 Watts, 403, 407, and cases hereinafter cited. The wording of the present will is that "the income from said fund shall be paid in equal shares to \* \* \* said children" living at the death of the first life tenant; the provision as to time is annexed to the gift, not merely to the payment of it. Hence, for this reason also, the interme-

diate life estates are not vested but contingent. *Kountz's Estate*, No. 1, 213 Pa. 390, 395, 62 A. 1103, 3 L. R. A. (N. S.) 639, 5 Ann. Cas. 427; *Geissler* v. *Reading Trust Co.*, 257 Pa. 329, 334, 335, 337, 101 A. 797. * * *

In summary the court said:

* * * In other words, a remainder cannot be limited to take effect upon a contingency, such as the death of a second life tenant more than 21 years after that of the first life tenant, if the second life tenant may be born subsequent to the death of the testator, even though he would be in esse during the life of the first devisee; * * *

See also *In re Price's Estate*, 279 Pa. 511; 124 Atl. 179.

Decedent's nephews and nieces were to take their remainder interests only in the event that the son died without issue and then only those were to take who survived the son. Likewise, only such of the son's issue, if any, as survived him were to take remainder interests. There is no doubt that on authority of the cases discussed above, and numerous other cases decided in the court of Pennsylvania, and other states, which are in accord, the remainder interests in the appointive property did not vest at the time of decedent's death and may not vest within the period of 21 years from that date. As to such remainder interests the appointment was invalid and nothing passed under the decedent's attempted exercise of the power. See *Union & Peoples National Bank of Jackson et al.*, *Administrators*, 30 B. T. A. 1277.

Likewise, the life interest which the decedent appointed to her son's wife, if any survived him, the son not being married at the time of her death, was outside of the rule and invalid.

The petitioners are sustained in their contentions that only that portion of the William Bucknell trust estate representing the value of the life estate which the decedent appointed to her husband is includable in her gross estate.

After elimination of all of the value of the appointive property, except the life estate which the decedent appointed to her husband, her estate will have no estate tax liability. The value of her husband's life estate as computed by the petitioners is $33,849.75. It is stipulated that the decedent's estate, except for the appointive property, was insolvent at the time of her death. It is unnecessary, therefore, for us to rule upon the question of the liability of the petitioners in Docket No. 100644 as trustees or transferees for any estate tax due from the decedent's estate.

*Decisions will be entered under Rule 50.*