Estate of Mildred S. Almy Platt, the Pennsylvania Company for Insurances on Lives and Granting Annuities et al., Executors v. Commissioner.
Estate of Platt v. Commissioner
Docket No. 109075.
United States Tax Court
1942 Tax Ct. Memo LEXIS 68; 1 T.C.M. (CCH) 150; T.C.M. (RIA) 42614; November 28, 1942
*68 Estate Tax. - The decedent in her will appointed to each of her four surviving children, in equal shares, a life estate in the principal of certain trust property in which her father had bequeathed her a life estate with a general power of appointment over the remainder; the father's will further providing that upon failure of the donee daughter to exercise the power the remainder would pass in equal shares to her surviving children or their descendants in fee. Held, that under the laws of Pennsylvania each child of the decedent took a life estate under the father's will, not under the power of appointment, and that the value of such life estates is not includible in the decedent's gross estate. Rothensies v. Fidelity-Philadelphia Trust Co., 112 Fed. (2d) 758 and Estate of Gertrude Bucknell Day, 44 B.T.A. 524, followed. Paul Freeman, Esq., for the petitioners. E. G. Smith, Esq., for the respondent. TYSON Memorandum Opinion TYSON, J.: This proceeding involves an estate tax deficiency of $53,954.80, determined by respondent upon the basis of various adjustments only one of which is in controversy herein. The estate tax return here *69 involved was filed with the collector of internal revenue for the first district of Pennsylvania. Upon the stipulated facts on which the proceeding was submitted and included herein by reference, only one question of law is presented, namely, whether there is includible in the decedent's gross estate, as determined by respondent, the value of life estates appointed by decedent, under a power of appointment, to her surviving children who would have taken the property out of which the life estates were carved in fee under the will of the donor of the power had the decedent failed to exercise such power. The petitioners herein are the duly qualified and acting executors of the Estate of Mildred S. Almy Platt, deceased, who died testate on October 29, 1938, a citizen and resident of Pennsylvania, and her will was admitted to probate in that State. She was survived by four children, all born between the years 1888 and 1901, inclusive, and was not survived by any descendants of any deceased child. The decedent herein was a daughter of John Sellers, Jr., who died testate on December 14, 1906, a citizen and resident of Pennsylvania, and his will was admitted to probate in that State. *70 Under the will of John Sellers, Jr., the decedent herein inherited a life estate in the principal of certain trust property and, further, she was given a general power of appointment as to one-half of the remainder which, upon her failure to appoint, would pass in fee, in equal shares to her children then living and children then dead represented by living descendants. In her will the decedent herein exercised her general power of appointment as to the remainder interest here involved and devised and bequeathed the same in trust with life estates to her surviving children and remainders in fee to the latters' surviving issue. In the decedent's estate tax return there was included for taxation the value of the remainders appointed by the decedent to her children's issue, but not the value of the life estates appointed by her to her surviving children. The respondent increased the amount of the decedent's estate for taxation by including, under section 302 (f) of the Revenue Act of 1926, as amended, the value of the life estates so appointed by the decedent. Upon authority of and , *71 we hold that, under the laws of Pennsylvania, the life estates which the decedent appointed to her four surviving children passed to them under the will of the donor of the power and not by reason of the exercise of the power by the donee, decedent, and that, therefore, the value of such life estates is not includible in the decedent's gross estate. See also ; ; ; and . The respondent erred in his determination on the question at issue herein. Decision will be entered under Rule 50.